Merrill *vs*. Jones.

Let the judgment be reversed back to the attachment, and the case remanded.

## MERRILL *vs*. JONES.

1. An appeal or writ of error does not lie from an interlocutory order of the County court.

2. As a general rule, consent of parties cannot give jurisdiction to a court, which otherwise does not possess it.

3. A judgment of the Circuit court, on a writ of error, to revise an *interlocutory* order of the County court, through obtained with the consent of parties, will be set aside.

4. And where the proceedings in the Circuit court, might operate as a bar to a review of the same matters, when property presented, after *final* judgment below—the proceedings will be set aside, and the writ of error dismissed.

Error to the Circuit court of Covington county.

Writ of error to the Orphan's court, tried by *Crenshaw*, J.

In this case, there were two assignments of error—one in the Circuit court, and another in this court. One of the distributees of the estate of an intestate, alleged in the County court of said county, that the administrator had not made a true and complete inventory of the personal property of the intestate, but had omitted to return sundry negroes and other property, and that the administrator had by force, carried away from the pre-

mises of the deceased, the said negroes, without the consent of any one interested, &c.—to which the administrator plead, that the negroes aforesaid were not the property of the estate. A jury were empanneled to try the issue, who found the property to belong to the estate, and liable to distribution. The court, therefore, ordered the administrator to proceed, and make distribution of the property to the distributees.

From this judgment, the administrator appealed to the Circuit court, and assigned the following errors:

1. The judgment contains error, because, it appeared from the record, that there were other parties plaintiffs, not joined in the action;

2. It did not appear by the record, that the defendant had the notice required by law, to appear and answer;

3. Because the finding of the jury was general, and did not find any particular property, subject to distribution;

4. Because the judgment was equally uncertain;

5. It did not appear at whose instance a jury was empanneled;

6. There was no issue joined by the parties, for the action of a jury;

7. The record was erroneous, in form and substance.

The Circuit court considered, that there was no error in the record—and that the judgment of the Orphan's court should be affirmed; from which judgment, plaintiff in error took a writ of error to this court, and here assigned:

1. The Circuit court erred, in affirming the judgment of the County court.

2. The Circuit court had no jurisdiction, and should have dismissed the writ of error—there being no final judgment rendered by the County court.

*Cook*, for plaintiff in error.

GOLDTHWAITE, J.—The second assignment of errors, we think, is decisive of this case. It questions the jurisdiction of the Circuit court, and denies its authority to reverse or affirm the particular decree rendered by the County court on the matter then before it, because it is not a final judgment.

The statute provides, that from any judgment or order final, whether in vacation or term time, an appeal or writ of error shall lie to the Circuit or Supreme court, in the same manner as upon judgments of the Circuit courts —(Aik. Dig. 246.) It is, therefore, clear, if the judgment of the County court on the matter before it was interlocutory, and not final, that a writ of error or appeal, can not be rightfully presented; but it is supposed, that as the present plaintiff is the same who brought the cause before the Circuit court by writ of error, he ought not to be permitted, now, to question the jurisdiction of that forum, to which he has resorted for relief, when its decision is adverse to his wishes. The general rule is very clear, that consent of parties cannot give jurisdiction to a court which otherwise does not possess it, and the Supreme court of the United States, has in several cases considered it proper to dismiss cases from the court, which were brought there by writ of error, at the instance of the plaintiff in the court below, who must, of

course, have been active in selecting the jurisdiction of the court. Thus, in Winchester vs. Jackson, (3 Cranch, 514,) the plaintiffs in error were also plaintiffs below. In Sullivan et al. vs. The Fulton Steamboat Company, (6 Wheat. 450,) the bill was filed by the complainant, without sufficient allegations to give jurisdiction, and on the appeal prosecuted by him, the decree of the court below, dismissing the bill *generally*, was affirmed, for the reason that the Circuit court had no jurisdiction; but the decree was modified, so as to be *without prejudice to the complainant on the merits.*

In the case of Colden vs. Knickerbacker, (2 Cowen's R. 31,) the Court of Errors and Appeals of New York dismissed a writ of error, and refused either to affirm or reverse, for a defect of jurisdiction; and the decisions of this court, have been uniform on this subject, in all cases where the writ of error is returnable to it—(Johnson's adm'r vs. Henry, Minor, 13; Glover vs. Robinson, ibid. 101; McLaren vs. Allen, ibid. 117; Harris vs. Kreps, ibid. 184.)

In a case like the present, an affirmance in the Circuit court, of a case of which it has no jurisdiction, might operate as a bar to a review of the same matters when properly presented, after a final judgment, and when, in consequence of such a judgment, the court would have obtained the jurisdiction, either by appeal or writ of error; therefore, a substantial reason exists, why such a judgment of affirmance ought to be set aside, and the proper one, dismissing the writ of error, should be given.

The judgment of the County court merely directs, that the administrator of the estate of Benjamin Merrill, de-

Merrill *vs.* Jones.

ceased, proceed to make distribution, according to the statute, of the slaves ascertained to belong to the estate. Whatever may be the merits or demerits of these proceedings,—so far as shewn, it is certain, that this decree was not a final settlement of the estate, as no distribution is actually made of it, among the distributees, nor is there any decree of a final settlement, ascertaining what is due to each distributee, or to the defendant in error, as the sole distributee.

The Circuit court, therefore, should not have entertained jurisdiction of the case, but should have dismissed the writ of error.

In proceeding to determine the cause on the errors assigned, an error was committed, for which the judgment of the Circuit court must be reversed, and the cause remanded, with instructions to dismiss the writ of error, unless the record shall be so perfected on *certiorari* or otherwise, as to shew a final judgment or decree in the County court.