## BENNETT v. ARMSTEAD, FOR THE USE OF HAIR.

1. Under the act of 1837, which permits plaintiffs to prove their demands when the suit is on an account for less than one hundred dollars, the defendant is not allowed to prove an offset arising out of an account, although it is within that sum.

Writ of error to the County Court of Sumter county.

ACTION of debt on a sealed note, by Armstead, for the use of Hair, as the administrator of the estate of Hugh Torbert.— The defendant plead *nil debit*, set-off and and payment.   At the trial, he proposed to prove a set-off, by his own oath.   The

set-off was an account for one hundred dollars. The Court refused to allow him to do so, and he excepted.

He now prosecutes this writ of error, and assigns the same matter as error.

Horr, for the plaintiff in error, insisted, that although the statute only names the *plaintiff* as the party permitted to be sworn, yet the defendant is equally within the mischief intended to be remedied.

Hair, contra.

GOLDTHWAITE, J.—It is too clear to admit of illustration, that the statute of 1839, cannot receive the construction insisted on by the counsel for the plaintiff in error.

The enactment is, that in all suits to be commenced upon accounts for a sum not exceeding one hundred dollars, the oath of the plaintiff shall be received as evidence of the demand, unless the same shall be controverted by oath of the defendant; but this section shall not apply to the case of. executors and administrators, trustees and guardians, when sued. Meek's Sup. 113, § 4.

The legislature has very properly granted this right to plaintiffs, because they must necessarily give notice to the defendant, for what he is sued, and he will always be prepared to rebut oath with oath ; but if the same privilege was extended to a defendant, there would in many cases be no mutuality in the right, unless we conceive that a plaintiff is bound to attend the progress of his suit in person.

It is needless, however, to speculate on this matter, because the statute affords no pretence for the right asserted.

We have not adverted to the fact, though apparent here, that the attempt is made to enforce the off-set against an administrator, in the very face of another clause of the statute, which would not allow the account to be proved in this manner, even in a direct suit.

Let the judgment be affirmed.