# RICHARDS AND OTHERS, v. GRIFFIN.

1. Where one of two defendants prosecutes a writ of error, from the county to the circuit court, and the judgment of the county court is there affirmed, it cannot be assigned for error in this court, that the circuit court should have dismissed the writ of error prosecuted from the county court.

2. In a suit against a surety, the principal is not a competent witness, unless released from the payment of costs.

3. When the borrower, is offered as a witness, to prove usury, he is in the first instance offered to the court with a statement of what he will prove, that the creditor may, if he thinks proper, deny it. When, therefore, the record shows that the borrower was offered as a witness, generally, it must be presumed that he was offered as a witness to the jury, and not to prove the fact of usury specially.

4. The term " award," used in the condition of a writ of error bond, instead of " *judgment*" of the court, is sufficient, the legal effect being the same.

5. When a judgment is affirmed on writ of error, it is error to compute the interest then due on the judgment, and render judgment for the aggregate amount in the appellate court, as that would be compounding the interest.

Error to the Circuit Court of Fayette.

The suit was commenced originally before a justice of the peace, founded on a note made by Richards, and one Simeon V. Crump, to the defendant in error. Richards alone was sued, and judgment by default was rendered against him by the justice. He appealed to the county court, and gave bond for the appeal, with James Rice, as security. In the county court there was a judgment against Richards and Rice for $59 44.

Upon the trial, a bill of exceptions was taken, shewing that on the trial, the defendant offered to introduce Crump, as a witness, who was rejected by the court, on the ground that he was the principal in the note sued on, although not a party to the suit; to which rejection of the witness, the defendant excepted.

A writ of error was prosecuted from this judgment, by Richards alone, without joining Rice, to the circuit court of Fayette. The circuit court affirmed the judgment, and rendered judgment against Richards and the sureties in the writ of error bond, for $65 29, the amount of the judgment in the county court, and interest to that time, and five dollars and ninety-four cents damages, besides costs.

From this judgment, the defendants prosecute this writ, and assign for error,

1. The circuit court erred in not dismissing the writ of error.

2. In affirming the judgment of the county court.

3. In rendering judgment with interest to the time of affirmance, in one aggregate sum.

4. In rendering judgment against the sureties in the writ of error bond.

Moody, for plaintiff in error—cited, Minor's Rep. 27, 275, 285, 208; 4 Porter, 421; 1 Ala. Rep. 113, 126, 134, 318, 507; 9 Por. 9, 225; Chitty on Bills, 414; 2 East. 458; 1 Campbell 407; 3 Mass. 37; 7 ib. 47; 10 Johnson, 231; 15 ib. 270; 18 ib. 167; 3 Wendell 415; 10 ib. 93; 2 Phillips, 72; 4 ib. 32.

Cochran, *contra.*

ORMOND, J.—It is very certain that the writ of error from the county to the circuit court, was improperly sued out, being in the name of one only of the parties to the judgment. For this cause, it would have been dismissed if the defect had been brought to the notice of the circuit court. But the plaintiffs in error cannot be heard to make the objection in this court, as that would be permitting them to take advantage of their own wrong.

In Merrell v. Jones, [8 Porter, 554] we held, that where the circuit court had entertained jurisdiction by appeal from the county court, of an *interlocutory* order of that court, that the objection, that the circuit court had no jurisdiction, could be taken in this court, although not raised in the circuit court. That case, however, is entirely unlike the present: there, the court had no jurisdiction over the *subject,* and could not obtain it by the consent of the parties. We are clear in the opinion, that this errror cannot be available to these parties in this court.

2. The suit being against the surety to the note, the principal was responsible to him, not only for the amount of the note and interest, but could also be required to reimburse the surety, the costs which he might be compelled to pay, and was therefore, not a competent witness for the surety, without a release from liability for costs, as was held at the present term of this court in the case of the Bank of Columbus v. Whitehead. No release being executed he was properly excluded, unless under the issue there was some matter which he was competent to testify to, without a release; and it is insisted, that under the general issue in this case, the defendant could have proved usury, without a release from the costs.

The statute which authorises a borrower to prove the defence of usury by his own oath, contains a *proviso,* "that if any person against whom such evidence is offered to be given, will deny upon oath, to be administered in open court, the truth of what such wit-

ness offers to swear against him, then such evidence shall not be admitted." [Aik. Dig. 438, § 8.] It is clear from this statute that when it is proposed to establish usury by the oath of the borrower, the fact which he proposes to prove, must be made known to the court, that the creditor may, if he thinks proper, deny it upon oath, and thus exclude the offered testimony. In practice, the matter to which the borrower is willing to swear, is written down, and submitted to the opposite party, who is then required to elect whether he will deny the truth of the fact offered to be proved, or permit the borrower to be a witness. In the first instance, then, the borrower is not offered as a general witness in the cause to the jury, but is offered to the court, to prove a particular fact, which may never be permitted to go to the jury. In this case, the witness was offered generally, and could not in the attitude he appears in upon the record, have been permitted to prove the fact of usury; we are, therefore, constrained to believe, what was doubtless the fact, that he was offered as a witness to prove the defence contained in the special plea, that the surety was absolved from the payment of the note, by time having been given to the principal debtor by the creditor, and not to prove the fact of usury.

3. The objection to the rendition of judgment against the sureties, in the writ of error bond, is based upon the language of the condition of the bond, which is, " now should the said Green M. Richards and James Rice, his security, well and truly prosecute said writ of error to effect in said circuit court, and well and truly satisfy whatever may be *awarded* against them in said circuit court, &c." The condition of the bond given by the statute is, " that he shall well and truly prosecute the writ of error to effect and pay and satisfy the judgment of the court &c." We are unable to perceive any difference between the legal effect of the bond required by the statute, and that executed in this case. To pay and satisfy the *award* of the court is in effect, to pay and satisfy the *judgment* of the court, and is sufficient, although the precise words of the statute are not copied literally.

In affirming the judgment of the county court, an estimate appears to have been made of the interest which had accrued on the judgment, up to that period, which was added to the judgment of the county court, and a judgment was then rendered for

the aggregate sum; this was improper, and the judgment must be here amended at the cost of the plaintiff in error, by affirming the judgment of the county court, with ten per cent. damages.