IVEY v. PIERCE, use, &c.

1.  When a sum exceeding twenty dollars is claimed by the plaintiff, in a proceeding before a justice of the peace, the defendant cannot be permitted to prove a credit of twenty dollars, or under, by his own oath.
2.  The act of 1839, in Meek's Supplement, p. 113, § 4, does not in this respect, change the act of 1814.   [Aik. Dig. 294, § 11.]

Error to the Circuit Court of Lowndes.

This case originated before a justice of the peace, who issued his warrant against the plaintiff in error, in favor of the defendant in error, in a plea of debt, due by note for the sum of thirty dollars.   On the trial, the justice gave judgment in favor of the defendant in error for the amount of the note, including principal and interest, besides costs.   Ivey appealed to the county court, where Pierce filed his declaration, or statement on the note, and on the trial, as appears by a bill of exceptions, Ivey, the defendant, there, offered to prove a payment to the amount of $20 by his own oath, which the court refused to permit, on the ground that the note, which was the foundation of the action, exceeded twenty dollars.   The defendant excepted to this opinion of the court—a verdict was given for the plaintiff, and judgment rendered accordingly.   To reverse this judgment, Ivey prosecuted a writ of error to the circuit court, and there assigned for errors :

1.  In not permitting the plaintiff in error, who was defendant in the court below, to prove by his own oath, a payment of plaintiff's demand to the amount of twenty dollars.

2. In rejecting the evidence offered, as stated in the bill of exceptions.

3. In not permitting the plaintiff in error to swear in the case to an account not exceeding twenty dollars, although he did not controvert the demand on which the action was founded.

The circuit court affirmed the judgment of the county court; from that judgment a writ of error was prosecuted to this court, and it is now assigned:

1. That the circuit court erred in affirming the judgment of the county court.

BOLING, for plaintiff error.

CLAY, J.—The assignment of error here, is, that the circuit court erred in affirming the judgment of the county court, and consequently, presents the same questions made before that court. The first two assignments bring in question the same thing; that is, the opinion of the court rejecting the defendant's own oath, offered to prove a credit to the amount of twenty dollars. We think the law, and the general practice under it, both sustain the opinion of the court. The section which applies, is in the following words:

" If the sum claimed be twenty dollars or under, the justice of the peace may, at the trial of the cause, proceed to examine the plaintiff and defendant on oath, and give judgment, as to him the right of the cause may appear; and in all cases where the sum of money claimed, exceeds twenty dollars, the oath of neither party shall be admitted, but the same evidence shall be required by every justice of the peace, as is required in the superior court." [Aik. Dig. 294, § 11.]

As it was held in the case of Lock v. Miller, [3 S. & P. 13, 14,] " this statute is an innovation upon the common law, and therefore will not be extended farther than required by its letter." This statute only authorises the justice, or any other tribunal to which an appeal is taken, to examine the defendant when " the sum claimed" is twenty dollars, or under. By this is intended the sum claimed by the plaintiff in the commencement of the case; his claim is the only one made, and the act intended, within that amount, that the rights of both parties should be reciprocal—that either might give evidence. Here, the amount claimed by the

plaintiff was more than twenty dollars, and he could not be sworn, in any event. To suffer the defendant to give evidence, in such a case, would be to extend to him a privilege, which could not be allowed to the plaintiff, and not contemplated by the statute: and we think the general practice of the State has conformed to these views. It is well understood, that the common law rule of evidence denies to any one the right of being a witness in his own cause—it must be admitted to be a wise and safe general rule. When the Legislature deems it expedient to change it in any respect, it should be restricted, as laid down in the case above cited.

The 3d assignment of errors in the county court seems to have relation to the act of 1839. [Meek's Supp. 113, § 4.] But that act has no bearing on the question. It provides that " in all suits to be commenced upon accounts, for a sum not exceeding one hundred dollars, the oath of the plaintiff shall be received as evidence of the demand, unless the same be controverted by oath of the defendant, &c." The action here was *not* on an account; nor does the oath of the plaintiff appear to have been received as evidence; both of which circumstances must have existed to entitle the defendant to swear at all, under the provision referred to. This statute, too, is in derogation of the common law rule of evidence, and in the case of Bennett v. Armstead, for the use of Hair, [3 Ala. Rep. N. S. 507,] had already had the strict rule of construction applied to, which has been laid down, as applicable to the act of 1814, referred to in the foregoing part of this opinion.

Let the judgment of the court below be affirmed.