## HAYDEN v. BOYD.

1. The act of 1839, which provides that in suits upon accounts, for a sum not exceeding one hundred dollars, the oath of the plaintiff shall be received as evidence of the demand, unless the same be controverted by the oath of the defendant, does not make the defendant a competent witness to be sworn generally and give evidence to the jury.

2. The plaintiff repaired the defendant's gin, under an agreement that he should have all that he could obtain for it above fifty dollars, to compensate him for repairs; he kept it in his possession several years, endeavored to sell it, but was unable to find a purchaser; the defendant addressed a note to the plaintiff, demanding the gin or fifty dollars, which concluded thus: "if you do not give one or the other, we will have to settle the matter some other way." The plaintiff, upon the receipt of this note, permitted the defendant to take the gin into his possession. *Held*, that the inference from the evidence was, that the plaintiff voluntarily assented to the defendant's demand, and could not recover for the repairs; unless, perhaps, it could be shown that the defendant had sold the gin for more than fifty dollars, or that the repairs made it worth more than that sum, and instead of selling he had used it.

Writ of Error to the County Court of Benton.

This was a suit instituted before a justice of the peace, to recover thirty dollars, for work and labor performed by the plaintiff in error, for the defendant. A judgment being obtained for that sum, the defendant appealed to the County Court, where a judgment was rendered, upon a verdict in his favor.

On the trial, a bill of exceptions was sealed, at the instance of the plaintiff, from which it appears, that the plaintiff was introduced as a witness to prove his account of thirty dollars. After the plaintiff had given his evidence, the defendant was offered by his counsel as a witness, and declared on oath, that the testimony he would give the Court and jury, should be the truth, the whole truth, and nothing but the truth. To the introduction of the defendant as a witness, in the manner proposed, the plaintiff object ed, but not to the form of the oath, and his objection was over- ruled.

It was shown, that the defendant's gin, about four years previous to the trial, was placed by him in the plaintiff's possession, to be repaired by the latter, and sold, upon the agreement that he should have all he could obtain for it above fifty dollars, to compensate him for the repairs.  Plaintiff repaired the gin, tried to sell it, but had been unable to find a purchaser.  Some four or five months previous to the trial in the County Court, the defendant addressed the plaintiff a note, substantially as follows :  " I want you to send fifty dollars by the bearer, or my gin, as it has been on hand long enough to have something done with it.  If you send me fifty dollars, the gin is yours, if you fail to do so, the gin is mine, and if you do not give one or the other, we will have to settle the matter some other way."  Immediately after the receipt of this note, and in a day or two after its date, the plaintiff informed the defendant that he could take his gin whenever he called for it, that he (plaintiff) would not pay him the fifty dollars demanded.  From that time the plaintiff held the gin subject to the defendant's order, and ready to·be delivered, and some three or four weeks thereafter permitted defendant to take possession of it, and he now has it.  The testimony given by the defendant is also set out, but the view taken of the case, makes it unnecessary to notice it.

The plaintiff's counsel, recapitulating the facts above recited, prayed the Court to instruct the jury, that if they believed them to be true, they should return a verdict for the plaintiff; this charge was refused.

S. F. RICE, for the plaintiff in error, insisted that the act of 1839, did not permit the plaintiff to be examined as a witness; it only allowed him, by a denial of what the plaintiff testified, to cause the rejection of his testimony.  [Clay's Dig. 342, § 161 ; 3 Ala. Rep. 507; 5 Id. 196, 374; 6 Ala. Rep. 783.]  The plaintiff was entitled to recover for the repairs upon the gin.  [4 Stewart & P. Rep. 262; 4 Porter's Rep. 435; 6 Id. 344; 1 Stew. & P. Rep. 178.]

T. A. WALKER, for the defendant, insisted that the defendant's examination was in conformity to the statute, and authorized by it.  That the return of the gin, instead of the fifty dollars demand-

ed, was a relinquishment of the right to compensation, and the plaintiff could not recover.

COLLIER, C. J.—It is enacted by the act of 1839, that " in all suits to be commenced upon accounts for a sum not exceeding one hundred dollars, the oath of the plaintiff shall be received as evidence of the demand, unless the same be controverted by the oath of the defendant ; but this section shall not apply to the case of executors and administrators, trustees and guardians, when sued." (Clay's Dig. 342, § 161.]

Under the act of 1819, which permits the borrower of money to prove that a usurious rate of interest was reserved, unless the lender will deny on oath the truth of his testimony, it has been held, that he could not be sworn and examined as a witness generally. And where the record affirms that he was offered as a witness, without stating the object, if there was a defence other than usury set up, it cannot be intended that his testimony was restricted to the latter. [Richards, et al. v. Griffin, 5 Ala. Rep. 195.]

In Bennett v. Armistead, use, &c. 3 Ala. Rep. 507, it was decided that the defendant could not be examined as a witness under the act of 1839, (cited above,) that his only privilege was to deny on oath the truth of the plaintiff's testimony, and thus exclude it from the jury. See also, Ivy v. Pierce, use, &c. 5 Ala. Rep. 374 ; Anderson v. Collins, 6 Id. 783.

In the case at bar, it appears that the defendant was sworn generally, and gave evidence to the jury, notwithstanding the plaintiff objected ; this was an irregularity which affects the judgment in question.

The note addressed by the defendant to the plaintiff, is a demand of the gin, or fifty dollars, and informing the plaintiff, that if neither of the alternatives are complied with, then they would " have to settle the matter in some other way." Assuming that the contract of the plaintiff entitled him to retain the gin, until he could find a purchaser for it, and still we think the defendant did not obtain possession of it under such circumstances as make him liable to pay the price of the repairs. The defendant was not bound by the terms of his contract to pay it, but the plaintiff was to compensate himself by retaining all that the gin would sell for above fifty dollars. No undue coercion seems to have been employed to induce the plaintiff to part with it. The concluding re-

mark in the note cannot be construed into a threat, that other than legal measures would be resorted to, in order to adjust the rights of the parties.   There is then, nothing to show that there was a rescission of the contract, without the assent of both parties, or that the defendant employed or threatened violent measures to obtain the gin.   We must understand that the plaintiff voluntarily gave it up.   Under these circumstances, we cannot think, that the mere reception and retaining of it, imposed upon the defendant the legal duty to pay for the repairs.   The rescission must be taken to be a rescission by mutual consent.

Whether, if the defendant were to sell the gin at a price beyond fifty dollars, or if the repairs should make it of greater value, and instead of selling it, he should use it, he would be bound to pay the excess to the plaintiff, are questions which do not arise upon this record.   For the error in the point first considered, the judgment of the County Court is reversed, and the cause remanded.