## HUDGINS AND WIFE v. NIX.

1. The intention of the act permitting the plaintiff to establish his claim by his own oath, unless the same was controverted by the oath of the defendants, was not to introduce both plaintiff and defendant as witnesses; when the defendant controverts the oath made by the plaintiff, the oath of the latter is excluded.

2. When husband and wife are sued for the debt of the wife, when sole, the wife, and not the husband, must make the oath required by this act.

Error to the Circuit Court of Dallas.

ASSUMPSIT, by the defendant in error against the plaintiffs in error.

Upon the trial, the plaintiff swore to the correctness of his account, it being under one hundred dollars, and proceeded to detail the circumstances of the account, and stated that the wife of the defendant, whilst sole, had contracted with him for a tombstone, at a price then agreed on, which had been delivered at Prairie Bluff. That he then called on her for payment, and she promised to pay in the fall. The defendants objected to the plaintiff's detailing the circumstances attending the contract, but the court overruled the objection.

The defendant then swore, that he was present at the house of his wife, (previous to his marriage,) when the plaintiff said the promise to pay was made, and that no such promise was made, but that she then refused to pay for the tombstone, and that from all the information he had, the account was not just.

The defendants then moved the court to instruct the jury, that the evidence of the plaintiff to said alledged promise, being controverted by the oath of the defendant, should be excluded from the jury, and could not be regarded as testimony, which charge the court refused, and instructed the jury, that

the whole evidence, both of plaintiff and defendant, was before them, and should all be regarded as proper testimony; to all which the defendants excepted.

Evans, for plaintiff in error, insisted—

1. That the plaintiff below was not competent to give evidence generally in the cause.

2. The court ought to have excluded his evidence when controverted by the oath of the defendant—which the record shows was controverted.

3. The court ought to have charged the jury as requested by the defendant, that the oath of the plaintiff, as to the alledge promise, should not be regarded, when controverted by the oath of defendant.

4. The instruction given by the court involves the same question in a different form, and is in direct conflict with the provisions of the statute.

The plaintiff's oath was entitled to no weight when controverted by the oath of the defendant. [Clay's Dig. 342, § 161; Hayden v. Boyd, 8 Ala. 223 ; Anderson v. Collins, 6 Ib. 783.]

Hunter, contra.

In this case there was clearly no error in refusing to exclude the evidence of Nix from the jury, or in refusing to give the charge asked—the only question of any difficulty is as to the charge actually given.

And this charge merely says Nix's testimony was evidence before the jury, which was the fact—and if defendants had requested it, by a proper special charge, this truism should have been qualified by saying, that although it was evidence in the cause, yet so far as it was controverted by the oath of the defendant, they should disregard and reject it in making up their verdict. But this was not done, and they cannot now make any thing of the *failure* to charge on that particular point. The proper charge was asked and refused in Anderson v. Collins, 6 Ala. Rep. 783, which is certainly not the case here.

Besides, did the defendant below stand in such an attitude as to entitle *him* to controvert the oath of the plaintiff, un-

der the statute ? Would it not be dangerous to permit the real *actor* in the matter, who must know the *facts*, to hold back and put forward a defendant who was no party to the transaction, to controvert them upon *information?* Would this be a safe and beneficial interpretation ? It is believed not.

2. As to the other point, about Nix being permitted "to testify generally to the matters which went to establish the account," it was not supposed this would be pressed, but on this we say, the act makes the plaintiff a witness to prove all the facts to establish his account, and this was all Nix did.

The case of Hayden v. Boyden, 8 Ala. Rep. 324, does not conflict at all with this. That merely says, *defendant* can merely *controvert* plaintiff's testimony ; and in Bennett v. Armistead, use, &c., 3 Ala. R. 509, this court say expressly, *plaintiff* has the right to be a witness as to his demand, but not so the defendant—that *his* (*defendant's*) office, is simply to controvert. [6 Ala. Rep. 683; 8 Ib. 52.]

ORMOND, J.—The statute under which the parties were offered as witnesses, provides, that when the demand does not exceed one hundred dollars, "the oath of the plaintiff shall be received as evidence of the demand, unless the same be controverted by the oath of the defendant; but this section shall not apply to the case of executors, administrators, trustees and guardians, when sued." [Clay's Digest, 342, § 161.]

The design of this statute was not to introduce the plaintiff, and defendant, as witnesses, to be passed upon by the jury, to draw their own conclusions, as in other cases, but it was to enable the plaintiff to establish his demand, by his own oath, unless the defendant controverted by his oath, the statement of the plaintiff. When he does so, the effect is to exclude the testimony of the plaintiff altogether. Anderson v. Collins, 6 Ala. 783, and in our opinion it is wholly unimportant, whether the plaintiff swears to his account generally, or whether he details the particular circumstances relating to it; in either event, if the statement of the plaintiff is

73

controverted by the defendant, it is excluded from the jury.

From this it appears, that the court erred in instructing the jury, to pass upon the testimony of both the parties. But although this was an error, it is one of which the defendants cannot complain, as it was an error committed in their favor. The statute confers this privilege on those defendants only, who have personal knowledge upon the subject, and excludes executors, administrators, &c. when sued. A husband sued for a debt due from his wife, when sole, stands precisely in this predicament. He is sued for a debt of which he has no personal knowledge, his denial therefore does not controvert the plaintiff's oath, as he must of necessity swear from information, and not from actual knowledge of the fact. It is probably the true construction of the statute, that where the defendant is excluded by its terms from controverting the plaintiff's statement, that he cannot by his own oath establish his demand; but here there was such a defendant. The wife, with whom the contract was alledged to be made, was a party to the suit, and she, and not the husband, was the defendant indicated by the statute, to controvert the plaintiff's oath. It is true, the husband does state, he was present when the subsequent promise was alledged to be made, and undertakes to deny that any promise was made at that time. It is clear, he could not prove such a negative, as he admits he was not present the whole time ; but in addition to this, the plaintiff swore the contract was made previously, of which the husband does not profess to have any personal knowledge.

As the only error committed by the court, was in permitting the husband to testify, and of which he cannot complain, the judgment of the circuit court must be affirmed.