## FLASH, HARTWELL & CO. vs. FERRI.

[ACTION BY CARRIER FOR FREIGHT—RECOUPMENT OF DAMAGES.]

1. *Examination of parties as witnesses.*—When the plaintiff seeks to establish the correctness of his demand by his own oath, (Code, § 2313,) and is cross-examined concerning his testimony on a former trial relative to the cross demand set up as a defense, the defendant has no right to impeach him by contradicting his testimony as to such former statements.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Joseph Ferri, against the appellants, to recover the freight agreed to be paid for certain hogsheads of sugar and molasses, transported by him from New Orleans to Mobile for the defendants. The defendants pleaded the general issue, and also insisted, under a special plea, that they were entitled to recoup damages for injuries and losses to the cargo. "On the trial," as the bill of exceptions states, "it was a material question whether five hogsheads of sugar, shipped on board plaintiff's vessel in New Orleans, to be delivered in Mobile, were in like condition when delivered as when received in New Orleans. The plaintiff was put on the stand as a witness for himself, (the amount of his claim being about $70,) and, on his examination in chief, stated that said hogsheads were in the same condition when delivered as when received. On cross-examination, having stated that there were auger-holes bored into the staves of said hogsheads, stuffed with cotton, he was asked whether, on his examination as a witness in like manner on a former trial of this cause, he did not say, that there were no holes bored into the staves of said hogsheads when they were received on board his vessel in New Orleans, and delivered in Mobile; and answered, that he did not make any such statement, but testified on that occasion as he did on this as to the condition of said hogsheads. One of the defendants was then put on the stand, as a witness for the defense, and, with a view of impeaching the credit of plaintiff as a witness, was asked whether he recollected the testimony given by plaintiff on the former trial, as to the condition of said hogsheads. Having answered that he did recollect it, he was asked to tell the jury what the plaintiff swore on that occasion. To this question, with the proposed answer, the plaintiff objected; the court sustained the objection, and the defendant excepted." This ruling of the court is now assigned as error.

W. C. EASTON, for appellant.

JOHN HALL, with H. CHAMBERLAIN, *contra.*

STONE, J.—The act of 1839 (Clay's Dig. 342, § 161) has been repeatedly considered by this court.—See Hudgins v. Nix, 10 Ala. 575; Hayden v. Boyd, 8 Ala. 323; Richards v. Griffin, 5 Ala. 195; Yarborough v. Hood, 13 Ala. 176; Anderson v. Collins, 6 Ala. 783; Bennett v. Armstead, 3 Ala. 507. The Code, (§ 2313,) so far as the question we are considering is involved, is not materially different from the act of 1839.—Waring v. Henry, 30 Ala. 721.

The authorities above cited are decisive to show there is no error in this record.

Judgment of the city court affirmed.