## WEST *vs.* BRUNN.

[ACTION ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Examination of parties as witnesses.*—When the plaintiff has proved the correctness of his account by his own oath, (Code, § 2313,) the defendant cannot elicit new facts from him on cross-examination, and then contradict them by his own oath.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by Adolph Brunn, against Benjamin West, and was founded on an open account for goods, wares and merchandise sold and delivered, amounting to $267.26. "On the trial," as the bill of exceptions recites, " the plaintiff offered himself as a witness, under section 2313 of the Code of Alabama, to prove the correctness of the demand sued on, (having first proved legal notice,) and testified under oath, that he sold and delivered the merchandise sued for, in the year 1857, to the defendant's wife and children ; that the amount sued for was due on the 1st January, 1858, and was still due and unpaid. This was all the plaintiff proved, or proposed to prove, by his own oath. On cross-examination of the plaintiff, the defendant asked him, if he (defendant) had not forbidden him (plaintiff), before the sale of any of the articles charged in the account sued on, to sell any goods to his (defendant's) wife or children. The plaintiff's counsel objected to the question, but the court permitted it to be asked ; and the plaintiff then replied, that the defendant had not forbidden him to sell goods to his wife or children, until after the sale of the goods charged in the account sued on ; that he had presented said account to the defendant, and requested him to give his note for the amount ; and that the defendant replied, the account was just as good as his note. The defendant was then sworn, and stated, that he notified the plaintiff, before any of the articles charged in the account were sold, not to sell any goods to his wife or children ; and that he had not told the plaintiff ' the account was just as good as his note.' The plaintiff's counsel objected to this evidence of the defendant ; but the court overruled the objection, and allowed said evidence to go to the jury. During the subsequent progress of the trial, but before any further testimony was offered, the court excluded all the said evidence of the defendant from the jury ; to which the defendant excepted," and which he now assigns as error.

TURNER REAVIS, for appellant.

ALEX. B. CLITHERALL, contra.

Buford v. Gould.

A. J. WALKER, C. J.—It is very clear that the judgment in this case must be affirmed. When a plaintiff under the statute offers to prove his account, the defendant is competent for the single purpose of denying upon oath the truth of the facts proposed to be sworn to by the plaintiff.—Code, § 2313. He is not competent to bring forward new facts, which will avoid the force of his adversary's facts. The defendant, by a cross-examination, elicited certain facts from the plaintiff, and then upon oath denied the facts so called out; and the court excluded his denial of those facts. This was right. The statute confers upon him the privilege only of denying the facts which the plaintiff proposes, and not of denying those which he may call out by an examination of the plaintiff.

If it be said that the plaintiff did not propose to prove all the facts necessary to establish the correctness of his account, the reply is, that that was a ground to reject him as a witness entirely, and not a reason for allowing the defendant to make himself a witness for the contradiction of facts called out by him.

Judgment affirmed.