## CRYMES *vs.* WHITE & JOHNSON.

[ACTION ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Discovery at law.*—Where interrogatories are propounded to the defendant in an action at law, (Code §§ 2330-36,) for the purpose of disproving the defense which he sets up, he may accompany his admission of the particular facts called for by the interrogatories with a statement of additional facts in avoidance of them; as where he pleads payment, in an action on an open account due to a partnership, and is asked if the payment was not made to one of the partners alone, in debts due to him from that partner individually, he may state, in connection with his admission of that fact, that the payment was made after the other partner had sold out his interest in the firm, and while the partner to whom it was made was the sole owner of the goods, accounts, &c.

2. *Proof of correctness of demand by plaintiff's own oath.*—In an action by late partners, on an open account due to the partnership, the defendant having introduced evidence tending to show that, after the dissolution of the firm, he had paid the account to one of the partners, who had bought out the interest of his co-partner, by crediting the amount on debts due to him from that partner individually, the other partner cannot be allowed to testify, (Code, § 2313,) in rebuttal, that the partnership was not dissolved when said payment was made.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by the appellees, suing as late partners, and was founded on an open account for goods, wares and merchandize, sold and delivered to the defendant during the years 1853 and 1854. The defendant pleaded, "that he is not indebted to the said firm of White & Johnson, as the plaintiffs have above complained," &c.; and issue was joined on that plea. The only matter in controversy on the trial was the validity of certain payments made by the defendant to the plaintiff Johnson ; and the only questions presented for revision in this court, relate to the rulings of the circuit court on the admissibility of evidence touching that matter. The material facts are stated in the opinion of the court.

GUNN & STRANGE, for appellant.
CLOPTON & LIGON, *contra.*

R. W. WALKER, J.—1. The plaintiffs propounded interrogatories to the defendant, under the statute. The defendant had interposed the plea of payment; and the plaintiffs, with the view of meeting this defense, among other questions, inquired of the defendant, with whom, and at what time, he had settled the accounts sued on, how much of the same he had paid in money, and how much was paid in individual debts due from Johnson, one of the plaintiffs, to the defendant. The defendant, in answering, stated, that he had settled the accounts sued on with the plaintiff Johnson; that he had paid the same partly in cash, and partly in medical accounts due from Johnson to him; and in reference to the account of 1853, he adds: "Defendant made said payments, and said credits were made, after said White had sold out his interest in the concern of White & Johnson, and while Johnson was the sole owner of the goods, notes, books of account, &c." On motion of the plaintiffs, this part of the defendant's answer was suppressed by the court. Giving to the sections of the Code (§§ 2330-6) authorizing the examination of parties by interrogatories the same construction which was put upon the old statute on that subject, (Clay's Digest, 341, § 160,) we must hold, that the court erred in suppressing that portion of the defendant's answer above quoted. According to our former decisions, interrogatories under the statute are governed by the same rules that apply to bills of discovery in chancery, so far as relates to the nature of the discovery sought, and the effect of the answers as evidence when made. In *Saltmarsh v. Bower*, (22 Ala. 221,) this subject underwent a careful consideration; and it was there held, that, as in an answer to a bill of of discovery, nothing can be considered impertinent, which tends to disprove the existence of the cause of action or defense set up in the bill; so an answer to interrogatories under the statute, whether it is purely responsive, or contains affirm-

ative irresponsive allegations in avoidance of the demand, cannot be made the subject-matter of exception.—See, also, *Pritchett v. Munroe*, 22 Ala. 501; *Wilson v. Maria*, 21 Ala. 359. In the present case, the plaintiffs sought to elicit from the defendant the fact, that all of the payments he relied on had been made to Johnson, and that in part they were made by discharging the individual indebtedness of Johnson to the defendant. According to the principle settled in the cases cited *supra*, the defendant was not bound to confine himself to a simple admission or denial of the facts thus sought to be elicited. If he admitted the facts to be as indicated by the interrogatories, he had the right to accompany that admission with such an explanation of them as the justice of the case required. He had the right to confess and avoid. His admission that he had paid the accounts to Johnson, in individual debts of the latter to him, would, if unexplained, have deprived the payment of all value as a defense to this suit; and he had the right to accompany his admission of that fact with the statement of such other facts as showed that the payment operated a legal discharge of the demand.

2. The defendant introduced evidence tending to show, that the plaintiff White had sold out his interest in the goods, notes, books of account, &c., of the firm, to his partner, Johnson; and that, after this sale, the defendant had paid the accounts sued on to Johnson, by crediting the same on individual debts due from Johnson to the defendant. It appears that, after the introduction of this evidence, the plaintiff White was offered as a witness under the statute, to prove the correctness of the demand sued on, the requisite notice having been previously given. On his examination, he was allowed to state, that the co-partnership of White & Johnson had not been dissolved; that he had made no sale to Johnson; that Johnson had no authority to settle the books by any individual debt of his due the defendant; and that he was a co-partner with Johnson, and interested in the goods sold in 1853 and 1854, and in the books. It was not the design of section 2313 of the Code, under which the plaintiff was introduced,

to make the parties general witnesses.—*Waring v. Henry*, 30 Ala. 724. All that the plaintiff is competent to establish, is the correctness of the demand. It is true, as was held in *Jordan v. Owen*, (27 Ala. 155,) that the plaintiff cannot be permitted, under this section, so to shape the facts which he proposes to prove by his own oath, as to deprive the defendant of the right to prove by his oath that the demand has been paid. In cases falling within this section, 'the correctness of the demand' must be regarded as not proved by the plaintiff's oath, unless he swears that it has not been paid. Hence, he must not only state facts which, if proved by other witnesses, would make out a *prima-facie* case of indebtedness of the defendant to him, but he must go further, and swear to the fact of non-payment of the indebtedness. But where, as in this case, the defendant sets up, as a defense to the action, a payment not made to the plaintiff, and the validity of such payment as a defense depends upon an alleged previous transfer of the claim to the person to whom the payment was made, it is not allowable for the plaintiff to testify in rebuttal of the evidence of transfer offered by the defendant. If the plaintiff was permitted to contradict the evidence offered by the defendant, of an independent fact of this sort, it would be difficult to fix any limit to his right to testify in the case. It is obvious, that the testimony of the plaintiff—that the partnership was not dissolved, that he made no sale to Johnson, and that the latter had no authority to settle the books by any individual debt of his due the defendant— was not evidence necessary or proper to establish the correctness of the demand, in the first instance, and was irrelevant, except so far as it went to disprove the alleged transfer to Johnson, or the validity of the defendant's payment to him. In any aspect, it was strictly rebutting proof; and we hold, that the court erred in permitting the plaintiff to testify to the facts above mentioned.—See, further, *West v. Brunn*, 35 Ala. 263 ; *Flash, Hartwell & Co. v. Ferri*, 34 Ala. 186 ; *Bennett v. Armistead*, 3 Ala. 507 ; *Kirkman v. Eaton*, 35 Ala. 272.

Judgment reversed, and cause remanded.