(93 South. 533)

**BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA v. TRIMM. (6 Div. 622.)**

(Supreme Court of Alabama. April 27, 1922. Rehearing Denied May 25, 1922.)

1. **Trial** ⬿125(2) — **Argument of plaintiff's counsel that defendant incorporated labor union was a nonresident and people of another state held prejudicial.**

In an action against a nonresident incorporated labor union having the same rights as a resident, it was prejudicial for opposing counsel to argue to the jury that defendant was a nonresident, and a verdict against it would in reality be against people in another state, and not against local inhabitants.

2. **Trial** ⬿133(1)—**Court's remark that improper statements to jury were matter of argument held approval of argument.**

Where the court, on objection to counsel's improper argument, stated, "That is a matter for argument," and refused to instruct that the argument was improper, this amounted to approval of the argument as proper for the jury.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Annie L. Trimm against the Brotherhood of Painters, Decorators and Paperhangers of America. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Black, Altman & Harris, of Birmingham, for appellant.

It is highly prejudicial for counsel in argument to urge the jury to consider the fact that defendant is a nonresident. 104 Ala.

207 ALABAMA REPORTS

471, 16 South. 538; 58 .Mich. 424, 25 N. W. 381; (Tex. Civ. App.) 99 S. W. 574; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 62 Fla. 516, 56 South. 942; 15 Ala. App. 419, 73 South. 747; 203 Ala. 550, 84 South. 259; 74 Ala. 386.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The argument complained of by counsel for appellant does not afford grounds for reversal. 68 Ala. 476; 173 Ala. 675, 55 South. 1001; 101 Ala. 35, 13 South. 130; 8 Ala. App. 405, 62 South. 990; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 183 Ala. 237, 62 South. 889; 200 Ala. 258, 76 South. 24; 17 Ala. App. 154, 82 South. 644; 144 Ala. 35, 40 South. 269; 44 Tex. Cr. R. 663; 74 Ala. 374.

MILLER, J. Mrs. Annie L. Trimm sues the Brotherhood of Painters, Decorators and Paperhangers of America, a corporation, for $300. Her husband, C. A. Trimm, was a member of that labor union in Birmingham; he is dead, and she claims the $300 due her, his widow, by reason of beneficial provisions of the corporation. There was judgment for the plaintiff, and the defendant appeals.

[1, 2] The defendant objected to, moved to exclude from the jury, and requested the court to instruct the jury as improper, the following part of the address of attorney for plaintiff to them:

"You know that any member of this local union here would gladly pay this man, if they had charge of the disbursement of the money. Gentlemen, you are not rendering a verdict against the local union here, but these people up in Indiana."

To this argument attorney for defendant objected, and stated to the court:

"I don't think it is fair for the gentlemen to argue to the jury that this judgment is not rendered against local people; that it is rendered against people up in Indiana; and I ask the court to instruct the jury that residence or locality has nothing to do with it."

The court thereupon stated: "That is a matter of argument." The defendant then requested the court to instruct the jury that it was improper argument; the court refused the motion, and defendant duly excepted.

This was illegitimate argument. The defendant was a nonresident corporation. It had the same rights in court in this case as if it had been a citizen of Alabama, or a corporation of this state. Whether it was a resident or nonresident should have no weight with a juror in rendering a verdict in the cause. It was calculated to prejudice the cause of the defendant with the jury. The court did not try to eradicate the attempted, intentional, or unintentional effort to inject prejudice against the cause of the defendant in the minds of the jury because it was a nonresident, but approved of it before the jury by stating "that is a matter of argument." This approved the argument as legitimate and proper to the jury. The argument was highly improper. Florence Cotton & Iron Co. v. Field, 104 Ala. 471 (headnotes 8 and 9), 16 South. 538; B'ham R. L. & P. Co. v. Drennen, 175 Ala. 338 (headnote 5), 57 South. 876, Ann. Cas. 1914C, 1037; Wolffe v. Minnis, 74 Ala. 386.

For this error the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.