(97 South. 770).

**BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA v. TRIMM. (6 Div. 226.)**

(Court of Appeals of Alabama. Oct. 30, 1923.)

1. **Appeal and error ☜1096(1).—Rulings prior to former appeal not considered on subsequent appeal.**

Rulings on demurrers to complaint, included in the transcript as a part of the judgment from which former appeal was taken, will not be considered on a subsequent appeal from judgment rendered on a second trial, following a judgment of reversal on the prior appeal, where the judgment from which the second appeal was taken did not include such rulings.

2. **Appeal and error ☜917(2) — Supreme Court presumed to have passed on rulings in transcript on former appeal.**

On subsequent appeal, rulings on demurrers included in transcript as a part of the judgment from which the former appeal was taken will be presumed to have been passed on by the Supreme Court in its judgment of reversal on the former appeal.

3. **Appeal and error ☜1180(1)—Reversal and remand annul judgment in toto.**

When a judgment is reversed and the cause is remanded, the judgment is annulled in toto, and restored to the condition in which it stood before it was rendered.

4. **Appeal and error ☜1040(6)—Error in rulings on demurrers held cured.**

Plaintiff's consent that defendant be permitted to prove any matter of defense as if specially pleaded held to cure any possible error in sustaining demurrers to defendant's pleas.

5. **Appeal and error ☜1078(1)—Assignments copied into brief without argument not considered.**

Assignments of error, copied into brief without argument or citation of authority, will not be considered, being deemed waived.

6. **Witnesses ☜240(2)—Much liberty allowed in ruling on leading questions.**

Leading questions should not be allowed, but, where a question is objected to as leading, much must be left to the sound discretion of the trial court.

7. **Witnesses ☜414(2) — That testimony of witness was same as on former trial does not add to probative force.**

That a witness had testified to the same facts on a former trial did not add probative force to his testimony.

8. **Discovery ☜79 — Suppression of portion only of defendant's answer to interrogatories held not error.**

Where a portion of defendant's answer to interrogatories propounded by plaintiff was illegal and not responsive, it was not error to suppress such portion and allow the remainder to be read.

**9. Appeal and error ☞1043(6)—Suppression of portion of defendant's answer to interrogatories held harmless.**

Action of court in suppressing only that part of defendant's answer to interrogatories propounded by plaintiff which was illegal and not responsive, and allowing the remainder to be read, was harmless, where there was other legal testimony as to the same facts.

**10. Evidence ☞472(1) — Conclusion of witness from books in evidence held not admissible.**

In an action on a beneficiary certificate involving a question of whether the member had been suspended, conclusion of witness that the member was suspended was not admissible, where the books from which the witness drew his conclusion were in evidence.

**11. Evidence ☞472(1)—Conclusion as to payment of debt not admissible, where records in evidence.**

Testimony that certain indebtedness was paid was not admissible, where the records from which witness drew his conclusion as to the payment of the debt were in evidence.

**12. Discovery ☞68—Defendant's answer to interrogatories held argumentative.**

Portion of defendant's answer to interrogatories propounded by plaintiff held properly suppressed as argumentative.

**13. Appeal and error ☞655(2)—Incomplete record of bill of exceptions stricken on motion.**

Record of bill of exceptions, showing on its face that much of the evidence introduced on the trial was not included therein is incomplete, and will be stricken on motion, and will not be considered unless the court, in the absence of a motion to strike the record, sees fit to act ex mero motu.

**14. Insurance ☞817(2)—Burden of proving forfeiture on insurer.**

In action on a beneficiary certificate, the burden of proving forfeiture by suspension of the member was on the insurer.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action on beneficiary certificate by Annie L. Trimm against the Brotherhood of Painters, Decorators and Paperhangers of America. From a judgment for plaintiff, defendant appeals. Affirmed.

The charge made the basis of assignment of error 4 is as follows:

"The burden is not on the defendant to reasonably satisfy you from the evidence that C. A. Trimm had been suspended twice."

Black, Altman & Harris, of Birmingham, for appellant.

It is error to permit leading questions, or to permit the prompting of a witness by reading his former testimony to him. Montgomery v. State, 2 Ala. App. 25, 56 South. 92; Comm. v. Bavarian Brew. Co. (Ky.) 80 S. W. 772; McKenna v. Citizens' Natural Gas Co.,

198 Pa. 31, 47 Atl. 990; Pool v. State, 51 Tex. Cr. R. 596, 103 S. W. 892; People v. Izlar, 8 Cal. App. 600, 97 Pac. 685; Bashford v. People, 24 Mich. 244; Carpenter v. State (Tex. Cr. R.) 51 S. W. 227; State v Burns, 25 S. D. 364, 126 N. W. 572; Billings v. Met. Life Ins. Co., 70 Vt. 477, 41 Atl. 516.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

Assignments of error, not insisted on in argument, will not be considered by the appellate court; same being held to be waived. Republic I. & S. Co. v. Quinton, 194 Ala. 133, 69 South. 604; W. U. T. Co. v. Benson, 159 Ala. 254, 48 South. 712; Thorn v. Henry, 204 Ala. 546, 86 South. 466; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158; Stover v. Hill, 208 Ala. 575, 94 South. 829. Leading questions may be allowed in the discretion of the trial court. Erwin v. B. R., L. & P. Co., 200 Ala 558, 76 South. 915; Williams v. Shows, 197 Ala. 601, 73 South. 99; Denson v. Acker, 201 Ala. 300, 78 South. 76. It is not error to refresh the recollection of a witness by reading his testimony in a former trial. Linnehan v. State, 116 Ala. 480, 22 South. 662; Baxley v. State, 18 Ala. App. 277, 90 South. 434; Id., 206 Ala. 698, 90 South. 925.

SAMFORD, J. [1-3] It appears from the record that on December 7, 1920, there was judgment rendered on certain demurrers filed to the complaint, and the cause proceeded to final judgment on December 8, 1920. From this judgment an appeal was taken to this court, and under the law providing for the equalizing of the work of the appellate courts was transferred to the Supreme Court, where the judgment of the circuit court rendered December 8, 1920, was reversed, and the cause was remanded. Bro. of P. D. & P. of America v. Trimm, 207 Ala. 587, 93 South. 533. The rulings of the court, on demurrers filed prior to the judgment of December 8th, were included in the transcript as a part of the judgment on the former appeal, and presumably were passed upon by the Supreme Court in its judgment of reversal. When a judgment is reversed and the cause is remanded, such judgment is annulled in toto, and restored to the condition in which it stood before it was rendered. Williams v. Simmons, 22 Ala. 425; Marks v. Cowles, 61 Ala. 299.

The appeal in this case, as shown by the supersedeas bond, is from the judgment rendered on October 12, 1922, which does not include the rulings of the court on demurrers filed to the complaint. No demurrers to the complaint having been filed or the rulings of the court invoked thereon on this trial, there is nothing here to review. To hold otherwise would be to permit by indirection a second appeal from the judgment

of December 8th, heretofore passed upon by the Supreme Court.

[4] As to the assignments of error based upon the rulings of the court on demurrers to defendant's plea, it is sufficient to say that, after the demurrers were sustained, defendant pleaded "in short by consent, with leave to give in evidence any matter of defense as if the same had been specially pleaded." This cured any possible error that might have been in the court's rulings on demurrer to pleas. The foregoing applies to assignments of error 8 to 22, inclusive.

[5] Assignments of error 1, 2, 3, 4, 5, 6, 7 are not properly insisted upon in brief. The brief on these assignments amounts to nothing more than a copy of the assignments of error. As was said in W. U. Tel. Co. v. Benson, 159 Ala. 254, 273, 48 South. 712, 719, brief of counsel with respect to these assignments: "Fails to reach the dignity of an insistence upon the grounds of error covering them."

The twenty-third, twenty-fourth, and twenty-fifth assignments of error are referred to in appellant's brief in much the same way as are assignments 1 to 7, inclusive, with no argument or citation of authority, and under the authorities is waived. Stover v. Hill, 208 Ala. 575, 94 South. 827–829; Thorn v. Henry, 204 Ala. 546, 86 South. 466. However, as to these assignments we may add, if the witness Trimm knew as a fact that his brother was a member of defendant order at the time of his death, as to how long he had been a member, and that he had been a member for more than ten years next preceding his death, it would not be the statement of a conclusion. Upon cross-examination, if the facts testified to appeared to have been gathered from hearsay or other illegal source, a motion then made to exclude would have been in order.

[6, 7] The answers to questions by the witness Trimm, made the basis of assignments 26 to 30, inclusive, could not have injuriously affected defendant's substantial rights. That the witness had on a former trial testified to the same facts did not add any facts to the testimony in this case or add any probative force to the testimony of the witness. That leading questions should not be allowed is a well-established rule of evidence, but in this regard much must be left to the sound discretion of the trial judge, who has the advantage of being present and is charged with the duty of seeing that all cases are fairly presented to the jury. Many witnesses, though not unwilling, may, by reason of timidity, or a lack of experience, need to be led, to the end that the court may get the whole truth as to what they know concerning the issue involved. The twentieth headnote in Montgomery v. State, 2 Ala. App. 25, 56 South. 92, cited by appellant, is misleading. The opinion in that case merely states:

"There was no error in the court's sustaining the solicitor's objection to having the witness * * * prompted and suggested to on direct examination by reading to him at length the extended statement of his testimony on the former trial."

If in the case at bar such had been the ruling of the court, it would not have been error to a reversal. But it does not necessarily follow that in permitting it the court exceeded its discretionary powers over the examination of witnesses.

[8, 9] That portion of the answer to interrogatories propounded to defendant by plaintiff as follows:

"The due book, ledger card of C. A. Trimm, and the ledger of Local Union 57 of the said Brotherhood show that at the close of August, 1918, the deceased member owed dues for the months of June, July, and August, and therefore stood suspended. This indebtedness was paid September 3, 1918. The member was therefore more than three months but less than two years in continuous good standing at the time of his death on January 9, 1919. There is no record of payments of dues made from March, 1900, to December, 1908, inclusive, consequently no evidence has been presented to show that the suspension of the member at the close of August, 1918, was his first and only suspension, and in the absence of such proof it would not be reasonable or just to assume that no such suspension had occurred,"

was suppressed, on motion of plaintiff, and the remainder of the answers were allowed to be read in evidence. We are familiar with the rule laid down in Saltmarsh v. Bower, 22 Ala. 221, and Crymes v. White & Johnson, 37 Ala. 549, but where the answers suppressed were illegal and not responsive it is not error to suppress that portion and allow the remainder to be read. First Nat. Bk. of Tuscaloosa v. Leland, 122 Ala. 289, 25 South. 195. Nor would it be error to a reversal, if the party claiming injury had already received the benefit of legal testimony to the same facts.

[10-12] Let us now analyze the answer suppressed:

"The due book, ledger cards of C. A. Trimm, and the ledger of Local Union 57 of the said Brotherhood show that at the close of 1918, the deceased member owed dues for the months of June, July, and August, and therefore stood suspended."

This was a deduction drawn by the witness from evidence already given, and was his argument and conclusion drawn from these facts. The books were in evidence, and the conclusion of the witness as to what they showed was not pertinent and was illegal. Moreover, the letter from defendant to the beneficiary, dated August 1, 1919, and in evidence, states almost in exact words the matter above referred to. That "the indebtedness was paid September 3, 1918," was also shown by the books and cards in evidence,

and was nothing more than a deduction from the testimony. Moreover, this identical statement appears in a letter from Semp, defendant's officer, answering the interrogatories to beneficiary, and is in evidence. The next statement ·excluded, in, addition to having already appeared in the answers, was an argument pure· and simple, and therefore was not pertinent.

[13] While we have held hereinabove that the brief of appellant was and is a waiver of assignments of error 4, 5, 6, and 7, relative to the court's refusal to give certain written charges, we are constrained to say, as to 5, 6, ·and 7, these charges, call for affirmative instruction from the court. The record of the bill of exceptions is incomplete, showing on its face that much of the evidence introduced on the trial is not included therein and is not before this court.· True there are ·certain pamphlets and scraps of accounts pasted to pages in the transcript. This does not comply with the rule for the preparation of· transcripts, and cannot ·be considered on appeal. The record is incomplete and on motion would have been stricken, but, no such motion appearing, we have not seen fit to act ex mero ·motu.

[14] As to the charge made the basis of assignment 4, the defendant is an insurance society, undertaking to assert a forfeiture on the part of deceased by reason of a nonpayment of dues. The general rule is that forfeiture for breach of a condition subsequent is· an affirmative defense, as to which the burden is on the insurer. Volume 3 Cooley's Brief, 2252 ·(b) ; ·19 R. C. L. p. 1272.

There is no reversible error in the record. Let the judgment be affirmed.

Affirmed.