Darby, Adm'r, &c. vs. Steamboat Inda.

---

DARBY, Adm'r of GARRISON, use of GIST vs. STEAMBOAT INDA.

1. Under the act regulating the collection of demands against boats and vessels, which requires suit to be commenced within six months from the time the cause of action accrued; the cause of action accrues when the materials are furnished, or the work is done.

2. If a note be given for such work or materials, payable more than six months after the work done or materials furnished, the boat is not liable to be proceeded against under this act, within six months from the time the note shall become payable.

ERROR to St. Louis Circuit Court.

CROCKETT & BRIGGS, for Plaintiff in error.

GEYER, for Defendant in error.

POINTS AND AUTHORITIES.

1. The statute of this State does not impose a lien upon, or authorize an action against a vessel by name, upon a note given by the master—

such note may be evidence of the amount due, but the. cause of action must be alleged and proved to be one of those enumerated in the statute. Revised Code, 1835, p. 102, acts 1838.

2. Both the lien upon the boat and the right of action against her by name, are limited to six months after the cause of action accrued. The timbers furnished, for which the note was given, were furnished before the execution of the note, and more than two years before the commencement of the suit.

3. If the cause of action in this case is the note, then the plaintiff cannot recover, because it gives no right of action against the boat. If the cause of action is the timbers furnished, the plaintiff fails, because more than six months elapsed after that cause of action accrued before suit was brought.

4. The master of a vessel has no authority to bind the owners, still less to impose a lien on the vessel by a note given for a debt contracted in building her, because his authority as captain does not exist before the vessel is built.

5. The master of a vessel has no authority under our law, to extend the duration of the lien given by statute. He may impose a lien for six months, by a contract for supplies, repairs, &c., but he has no power to impose any lien independent of the statute—and by it the lien is the result of the contract, not the act of the master. It is limited to six months without power of extension by any one.

6. Even if it appears that the evidence supports the complaint, the plaintiff could not have judgment, because neither the complaint nor the facts in evidence show any cause of action against the steamboat Inda by name. The work was done and materials furnished more than six months before the commencement of the suit, and this appears as well by the complaint as by the evidence. No particulars are alleged or proved, except that the demand is evidenced by a note made by one Alter, which note is not, and cannot be made a cause of action under the statute. The complaint does not alledge, nor is it proved, on whose account the demand accrued. To whom the timbers were furnished is not stated or proved—it does not appear in the complaint or elsewhere, who contracted for them on behalf of the boat. Upon the whole case the judgment is clearly for the right party, and ought to be affirmed.

McBRIDE, J., delivered the opinion of the Court.

This was an action under the statute providing for the collection of demands against boats and vessels. · R. C. 102.

The complaint filed in the cause alleges that the defendant is indebted to the plaintiff for work done and materials provided by the plaintiff's intestate, in building the hull of the steamboat Inda; that the demand is evidenced by a note executed by one Alter, captain of the Inda, which is exhibited with the complaint, and is dated 11th October, 1842, and payable on the 1st February, 1844. The defendant filed his demurrer to the complaint; which having been overruled by the circuit court, he obtained leave to withdraw it, and pleaded *nil debit*.

The evidence given on the trial of the issue in the court below, consisted of the note of William Alter, captain, &c., appended to the complaint; an admission of his handwriting, and that he was at the date of the making of the said note, captain of the steamboat Inda, and the testimony of a witness who stated that Hubbard, one of the owners of said boat, told him that the note was given for cylinder timbers, and other heavy timbers, water-wheel beams, and work done on the upper part of the said boat.

The plaintiff having closed his evidence, the defendant offered none, but demurred to the evidence of the plaintiff, and asked the court to render him judgment thereon, which the court did; whereupon the plaintiff moved to set aside the judgment, and for a new trial, which having been overruled, he excepted, and now brings the case to this court by a writ of error.

. Waiving all question as to the propriety of the course pursued in this cause in demurring to the evidence, and thereby taking the case from the jury, we will examine the question of law raised by the demurrer.

By the third sub-division of the first section of the supplemental act of 1838, it is provided that a lien shall exist for all materials furnished, and labor done by mechanics, tradesmen, and others, in the building, repairing, fitting out, furnishing and equipping such boat or vessel. It would be under this class the plaintiff's demand would come; and the statute gives him the right of proceeding against the boat by name, and enforcing his lein.

By the twenty-first section of the act of 1835, it is declared that all actions against a boat or vessel, under the provisions of the act, shall be commenced and sued within six months after the cause of such action shall have accrued. When did the cause of action in this case accrue, in the meaning of the statute? The plaintiff insists that it was upon the falling due of the promissory note executed by captain Alter, about sixteen months after the services were rendered by the plaintiff's

intestate; and that he would have a right to bring this form of action, at any time within six months thereafter.

We are not prepared to sanction this construction of the statute; but think it manifest from the whole scope and object of the statute, that the liabilities provided for by this summary proceeding, are such as the law would raise without any agreement between the parties for time. They are such as would accrue, and upon which an action could be brought within six months after the materials were furnished, or the labor done, in the building, fitting out, or repairing the boat or vessel.

It is a lien which the law gives without the agreement of the parties, and if the parties make a contract contravening the provisions of the statute, and it becomes necessary to bring an action thereon, such action must be brought upon the contract thus made, and under the general law of the land. It is not competent for the parties to enlarge the lien given by the statute, and that it is declared to exist for six months only; any agreement deferring the payment beyond six months after the materials were furnished, would take the *cause of action* out of this statute, and put the parties upon the same footing with all others, and the rights subject to the same general law of the land.

It appears from the complaint, that this action or proceeding is for the furnishing of materials for the building of the boat, and that reference is made to the promissory note of captain Alter, for the amount of the plaintiff's claim or demand. Now if the note affords evidence of the plaintiff's demand, that demand must have accrued prior to the date of the note, to-wit: the 11th October, 1842, and the suit should have been instituted, (if intended to be under the statute giving a lien,) within six months next after the date of the note; whereas it was not brought until the 24th of March, 1844. If the suit was intended to have been brought upon the note, which gives the defendant about sixteen months for payment, then the plaintiff misconceived his remedy, for no action will lie under the statute, upon such an instrument.

For the foregoing reasons, we are of the opinion that the circuit court committed no error in sustaining the defendant's demurrer; and that its judgment should be affirmed; and the other members of the court concurring, the judgment of the circuit court is affirmed.