## JORDAN vs. OWEN.

[PRACTICE PRESCRIBED WHEN PLAINTIFF SEEKS TO ESTABLISH THE CORRECTNESS OF HIS DEMAND BY HIS OWN OATH ; AMOUNT IN CONTROVERSY BEING LESS THAN $300.]

1. *Plaintiff must swear to fact of non-payment.*—If the plaintiff seeks (under section 2313 of the Code) to establish " the correctness of his demand" by his

Jordan v. Owen.

own oath, he cannot be permitted so to shape the facts to which he swears, as to deprive the defendant of the right to prove by his oath that the demand has been paid: he must, therefore, not only state facts which, if proved by other witnesses, would make out a *prima facie* case of indebtedness on the part of the defendant to him, but he must also swear to the fact of nonpayment; and if he fails to do this, it is not erroneous to exclude from the jury all that he states.

APPEAL from the Circuit Court of Cherokee.
Tried before the Hon. THOMAS A. WALKER.

THIS action (William R. Jordan v. William F. Owen) was commenced in September, 1854, and was founded on an open account for goods, merchandise, and chattels sold by plaintiff to defendant, and money paid for him and at his request; the total amount claimed being $165. The defendant pleaded, in short by consent, payment, set-off, and the statute of limitations, with leave to give in evidence any matter which might be specially pleaded.

On the trial, as the bill of exceptions states, "the plaintiff's counsel proposed to prove by the plaintiff himself, on oath, that he had sold and delivered various articles to the defendant, comprising the account sued on, and the price of the same; having first showed that he had given more than five days' notice to the defendant of his intention to establish the demand sued on by his own oath. The court, by the consent of both parties, allowed the plaintiff to be first sworn as to the truth of the facts which he proposed to prove, before any denial of the same on oath was made by the defendant. The plaintiff then swore, that he sold and delivered to the defendant, in 1852, one cow and calf for $15,00, another cow and calf for $18,00, a third cow and calf for $20,00, one yoke of oxen for $40,00, twenty pounds of pork for $1,20, and six hundred and fifty ears of corn for $3,25; that he also sold and delivered to the defendant, in 1853, one plow-rod worth 35 cents, one pound of bluestone worth 25 cents, one pair of shoes worth $1,60, two bushels of rye worth $1,50, and ninety-one pounds of beef at $2,57; and that in 1854, he paid John Jones, as surety for said defendant, $73,44, debt, interest, and costs. Plaintiff's counsel then closed his examination of plaintiff, and defendant cross-examined him as to several of said items. The defendant was then introduced, and, after

being sworn, was asked, whether he denied upon oath the truth of the facts stated by the plaintiff; to which he answered, that a portion of the plaintiff's statement was true, and a portion untrue. He was then asked, what portion was true, and what untrue; and answered, that the cow and calf charged at $20,00 in 1852 was never sold and delivered by plaintiff to him, that the pork was only $1,00 instead of $1,20, that the corn charged at $3,25 was sold at $1,95, that the plow-rod and bluestone mentioned by plaintiff were never sold and delivered to him, and that the balance of plaintiff's statement was true. The defendant's counsel then asked him this question, 'Is it true that you were indebted to the plaintiff at the commencement of this suit, for any of the articles sworn to by him'? The plaintiff objected to this question, because it was illegal and tended to elicit illegal evidence; but the court overruled the objection, and allowed the question; and to this the plaintiff excepted. The defendant answered, that he denied that he owed the plaintiff anything; to which answer the plaintiff excepted, and moved the court to exclude it, but the court refused to do so, and the plaintiff excepted. The court then, upon this state of facts alone, and against the plaintiff's objection, excluded from the jury all the statements of both plaintiff and defendant; and thereupon, to the exclusion of said plaintiff's statements, plaintiff excepted."

These rulings of the court are now assigned for error.

D. W. BAINE, for the appellant, contended, that the defendant should have been confined to a denial of the facts sworn to by the plaintiff.—Bennett v. Armstead, 3 Ala. 325; Yarborough v. Hood, 13 ib. 176; Ivey v. Pierce, 5 ib. 374; Hayden v. Boyd, 8 ib. 323. The truth of the defendant's testimony is only reconcilable with the idea that the account, once due, had been discharged by payment or set-off; and he could not show such a discharge by his own oath.—Bennett v. Armstead, supra.

JAMES B. MARTIN, contra, insisted, that the substance and effect of the facts to which the plaintiff swore, was, that the defendant owed him a certain amount at the commencement

of the suit; and that therefore the defendant might deny that fact in express terms.

RICE, J.—Section 2313 of the Code declares, that "in all suits upon contracts, where the defendant has been personally served with process, where the matter in controversy does not exceed three hundred dollars, the plaintiff is competent to establish *the correctness of the demand* by his own oath, if the defendant is a resident of the State, unless he in open court *denies, upon oath, the truth of the facts proposed to be sworn to by the plaintiff*."

Section 2314 prescribes the manner in which notice must be given of the plaintiff's intention to establish his demand by his own oath.

It is evident that, under section 2313, the defendant is *confined* to a denial, upon oath, of " the truth of *the facts proposed to be sworn to by the plaintiff*." It must be taken for granted that the legislature did not intend, by this section, to give the plaintiff an unjust advantage over the defendant; and we must so construe it as to prevent such a result, if the words employed in it will justify such construction.

We think it clear, that the plaintiff cannot be permitted, under this section, so to shape the facts which he proposes to prove by his own oath, as to deprive the defendant of the right to prove by his oath that the demand has been *paid*. In cases falling within this section, "*the correctness* of the demand" must be regarded as not proved by the plaintiff's oath, unless he swears that it has not been paid. He knows whether it has been paid or not. In this respect, he is not like other witnesses. When he undertakes to prove by his own oath *the correctness* of his demand, he must not only state facts, which, if proved by other witnesses, would make out a *prima facie* case of indebtedness of the defendant to him, but he must go further, and swear to the fact of non-payment of the indebtedness.

If we do not require him to go to this extent, he would have it in his power, by proving by his own oath special facts which make out a *prima facie case of indebtedness*, to deprive the defendant of the right to prove by his oath a payment of such indebtedness; for the defendant is confined to a denial

of the facts proposed to be sworn to by the plaintiff. We cannot put a construction on the section, which might enable a plaintiff to obtain any such advantage over the defendant. It is no hardship to require the plaintiff to swear that the demand has not been paid, and to declare the rule to be, that where he fails to swear this, he does not " establish the correctness of his demand" by his oath ; and that in such case it is not erroneous to exclude all he may state from the jury. Hiscox v. Hendree, at the present term.

Where the plaintiff's proposition to prove by his oath the correctness of his demand, is in accordance with sections 2313 and 2314, if the defendant swears that he has paid the demand, or controverts all the facts proposed to be sworn to by the plaintiff, the court should exclude from the jury all that is stated by either of them.—Logan v. Hodges, 7 Ala. 66 ; Hudgins v. Nix, 10 ib. 575. But if the defendant denies, upon his oath, only part of the facts sworn to by the plaintiff, and does not swear that he has paid the demand, then the facts sworn to by the plaintiff which *are not denied* by the defendant, may be introduced by the plaintiff as evidence to the jury.—Palmer v. Severance, 9 Ala. 851; Yarborough v. Hood, 13 ib. 176.

The court below may have excluded the plaintiff's statement from the jury for a wrong reason ; but as there is a good reason for its exclusion—to-wit, the failure of the plaintiff to swear that the demand had not been paid—we are bound to affirm the judgment.