adopted in that paragraph, the effect of that paragraph was, to vest in Martha Ann Burt, the first taker, the absolute beneficial interest in the real estate thereby devised, not merely for her life, but as an estate in fee-simple. The limitation of that real estate to the heirs of *her body*, and in default of such heirs to the right heirs of the testator, is invalid. It is not authorized by the *proviso* to the 10th section of the act of 1812. The conveyance is not "to a succession of donees *then living*, and the heir or heirs of the body of *the remainder-man*"; but to a donee then living, and *the heirs of her body forever*, *in fee-simple*. The case presented by the fourth paragraph of the will is not *the specific case* provided for and saved by the *proviso* to said 10th section. And although there may be as good reason why the legislature should have authorized the limitation contained in said fourth paragraph, as to have authorized the limitation expressed in said proviso; yet the court is not called on to say what law the legislature should have made, but simply what law it did make for such a case as the present.

Having decided the point above considered against the appellant, and understanding from him that, if we did decide that point against him, he did not desire an examination of any other question in the case, we decline to consider any other question, and affirm the decree. He must pay the costs, and be reimbursed therefor out of the trust funds.

STONE, J., not sitting.

---

## PRYOR *vs.* HARRIS.

[ACTION AT LAW FOR BREACH OF CONTRACT.]

1. *Examination of plaintiff as witness.*—When the plaintiff seeks to establish the correctness of his demand by his own oath, (Code, § 2313,) he must swear

to the fact of non-payment, and cannot be cross-examined as to matters outside of the facts to which he testifies ; but, if the court allows him to testify without swearing to the fact of non-payment, he cannot complain on error that the defendant was permitted to cross-examine him generally.

APPEAL from the Circuit Court of Russell.
Tried before the Hon. JOHN GILL SHORTER.

JAMES E. BELSER, and EILAND, for appellant.
JOHN A. LEWIS, *contra*.

WALKER, J.—The plaintiff presented in the court below a sworn statement of facts, which he proposed to prove by his own oath under section 2313 of the Code. This statement of facts did not assert that the claim was unpaid, and was, therefore, insufficient to establish the correctness of the demand ; and the plaintiff was not a competent witness, as is decided in the case of Jordan v. Owen, 27 Ala. 152. The court should, upon the authority of this decision, have entirely excluded the plaintiff as a witness.

When the plaintiff offered himself as a witness to prove the facts, the court decided that, if he became a witness, he should be liable to cross-examination generally by the defendant. The plaintiff objected to this decision of the court, but became a witness, proved the facts stated in his written proposition, and was cross-examined as to relevant matters outside of the written statement. The plaintiff, if testifying under the statute, could not have been cross-examined as to any matters extrinsic of the statement of proposed facts ; but in this case he was not, as we have decided, a competent witness at all, and cannot be regarded as having testified under the statute, or as being entitled to protection against a cross-examination under the statute. It cannot be error, available to the plaintiff himself, that the court permitted him to testify on his own motion ; and having become a witness in the cause, without any objection by the defendant, it would have been improper in the court to have limited his examination to the facts proposed. If an incompetent witness testifies, without objection by either party, he

should be examined generally, as other witnesses, and the allowance of such an examination cannot be error. The bill of exceptions shows that the defendant was permitted to controvert the facts, outside of the proposed statement, proved by the plaintiff. It does not appear in what manner those facts were controverted, and we cannot intend, for the purpose of reversing the judgment, that the defendant was permitted to controvert those facts in an illegal manner. We must, therefore, presume that the court permitted the defendant to controvert the facts by the testimony of other witnesses, and not by his own oath.

The judgment of the court below is affirmed.

## COOSA RIVER STEAMBOAT CO. vs. BARCLAY & HENDERSON.

[ACTION ON THE CASE AGAINST COMMON CARRIERS.]

1. *Retroactive statutes.*—It is not within the power of the legislature to take away vested rights, nor to create a cause of action out of an existing transaction, for which, at the time of its occurrence, there was no remedy ; but it may, consistently with the constitution, alter, enlarge, modify, or confer a remedy for existing legal rights : such statutes, relating only to the remedy, operate generally on existing causes of action, as well as those which afterwards accrue.

2. *Attachment against foreign corporation.*—An attachment lies against a foreign corporation, under the act of 1854, (Session Acts 1853-4, p. 29,) on a cause of action which arose prior to the passage of the statute.

3. *Liability of common carrier.*—How far a common carrier is responsible for an injury caused by his boat striking an invisible and unknown snag, deposited by a recent freshet, in the usual channel of the river, *quære?* (RICE, C. J., and STONE, J., differing in opinion ; and WALKER, J., not sitting.)

4. *Freight bill not bill of lading.*—An account for freight, usually called a freight bill, is not a bill of lading.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN E. MOORE.