## WARING *vs.* HENRY & MOTT.

[ACTION AGAINST OWNER OF STEAMBOAT FOR GOODS BOUGHT BY SHIP'S HUSBAND.]

1. *Examination of plaintiff as witness for himself.*—When the plaintiff proposes (Code, § 2313) to establish the correctness of his demand by his own oath, the court should require him to state the facts to which he proposes to testify, in order that the defendant may have the privilege of controverting them : if the court allows the plaintiff, against the defendant's objection, "to be examined generally as a witness," declaring "that the defendant might also be sworn to testify, and that the jury would be instructed not to regard as evidence the portions of the plaintiff's evidence which were denied on oath,"—this is erroneous.

2. *Principal's liability for agent.*—If goods are sold and delivered to an agent, within the scope of his authority, the principal is liable for the price, and

the seller is not required to see that the goods are appropriated by the agent to the purpose for which they were bought.

3. *Interest on open account for goods sold and delivered.*—On a contract to pay for goods sold and delivered, interest attaches from the delivery of the goods, unless some other time for the payment is fixed by the contract.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Henry & Mott against Moses Waring, to recover $105 35, the amount of an open account for china-ware sold and delivered by plaintiffs, on the 11th August, 1852, to Jacob B. Walker, for the steamboat *Alamo*, of which defendant was at that time a part-owner. On the trial, as the bill of exceptions states, "having given notice to that effect, the plaintiffs offered Thomas Henry, one of their firm, as a witness for them. The defendant objected, and prayed the court to require said Henry to state to the court what he proposed to prove, so that the defendant might deny it on oath, if he thought proper to do so, and have it excluded from the jury. But the court decided, that said Henry might be sworn, and give his evidence before the jury; that the defendant might also be sworn to testify, and that the jury would be instructed not to regard as evidence the portions of the plaintiff's evidence which were denied on oath. The plaintiff Henry was accordingly sworn and examined generally as a witness; to which the defendant excepted."

Said Henry testified, "that Jacob B. Walker came to plaintiffs' store, at the date of the account sued on, and purchased the goods, saying that he bought them for the use of the *Alamo*, of which he was a part-owner, and that he was the ship's-husband of said steamboat; that the goods were sent, and, he presumed, received by the vessel, although he could not testify to that fact—he knew that they were delivered and sent on the 11th August, 1852; that said Walker was not the captain of said boat, and he could not state who was. He further testified to conversations with defendant, in the summer of 1854, in which he demanded payment of said account, and defendant ad-

mitted that he was a part-owner of said vessel when the goods were sold. No notice of the claim was shown before the boat was sold, and the proceeds divided. The account was produced, and at the bottom of it was written a certificate, dated the 12th May, 1853, and signed by said Walker, (and which said Henry testified was signed by Walker at the time of its date,) stating that the account was correct; but it was admitted by the plaintiffs, before going into the trial, for the purpose of preventing a continuance, that said Walker, if present, would testify that said certificate was signed by mistake, and that he knew nothing about this account, and supposed he was signing an account for another boat."

The above is all the evidence set out in the bill of exceptions.

"The defendant requested the court to instruct the jury, among other things, that to bind a joint owner of the boat, it must appear that the goods were obtained for that vessel, and that she got them; also, that if they believed the goods were bought by Walker for the *Alamo*, but were got by some other vessel, the defendant would not be bound as a joint owner of the *Alamo*, although Walker also was a part-owner.

"The court refused to give this charge, and instructed the jury as follows: That to make the owners of the boat liable, it was not imperatively necessary that the goods should have been actually received by or upon the boat; but, if they were purchased by an agent of the owners of the boat, as such agent, and delivered to him, or according to his directions, and such purchase was made pursuant to direct authority from the owners, or within the scope of a general authority from them to him to make purchases for the boat,—in such case, the owners would be liable for the goods, whether they were received on the boat or not, and they would be so liable though they resided at the place where the goods were furnished.

"The court further instructed the jury, that if the plaintiffs were entitled to recover, they were entitled to interest on the amount due them from the time it was payable; and that, if there was no agreement or understanding be-

tween the parties, at the time of the purchase, as to the time of payment, the debt was due presently, and it would be proper to allow interest on it from the time of the purchase.''

The defendant excepted to the charges given, as well as to the refusal of the charge requested; and he now assigns as error all the rulings of the court to which he reserved exceptions.

GEO. N. STEWART, for the appellant.

ANDERSON & BOYLES, contra.

STONE, J.—The refusal of the court to require the plaintiff to state what he proposed to establish by his own oath, that the defendant might have the privilege of controverting it, must work a reversal of the case.—See the case of Pryor v. Harris, at the last term. It was not the intention of the legislature to constitute the parties general witnesses.—See Code, § 2313. Neither does sound policy authorize the court, under this section, to place contradictory statements before the jury, and cast on that body the duty of separating the uncontroverted from the controverted portions of the plaintiff's testimony. This duty should have been performed by the court.—Jordan v. Owen, 27 Ala. 152.

No legal question is presented by the record, on the authority of Walker to bind the owners of the steamboat "Alamo."—Story on Agency, § 35. If Walker was authorized to purchase the goods for the boat, and did so purchase them, and receive them into his possession, we know of no rule of law, which requires the seller to follow the goods, and see them safely and faithfully delivered on the boat. No authority has been cited in favor of this proposition, and, we presume, none can be found. The rule is, that within the scope of the agent's authority, the principal is the party that trusts, and not the person who contracts with the agent.—Story on Agency, §§ 106, 217, 262–3; 1 Parsons on Contracts, 650–1. A delivery to an agent, authorized to receive, is a delivery to the principal.

Neither was it competent for the owners of the boat, if they were liable on the contract made with plaintiffs, to discharge themselves from that liability, by advertising for all creditors to present their claims. If they owed the debt, it was their duty to hunt up their creditor, and pay him.—Haldam v. Johnson, 20 Eng. Law and Eq. 498 ; Chitty on Contracts, (8th Amer. from 4th Lon. ed.) 629.

The charge in relation to interest was free from error. When no time is fixed for the payment of a debt or legal liability, the law presumes it to be payable presently.— See Thompson v. Ketchum, 8 Johns. Rep. 189. On a contract to pay for goods sold and delivered, interest attaches as an incident to the demand.—Cheek v. Waldrum, 25 Ala. 152.

For the error above noted, the judgment of the circuit court is reversed, and the cause remanded.