## STEAMBOAT THOMPSON *vs.* LEWIS & CO.

[LIBEL ON STEAMBOAT FOR MATERIALS ·AND REPAIRS.]

1. *Time of payment for goods sold.*—Generally, a debt for goods purchased is payable presently, unless some other time is fixed by the contract; but a different rule possibly applies to an account made up of a succession of items between the same parties.
2. *Limitation of lien on steamboat.*—The act of Feb. 15, 1856, (Session Acts 1855-56, p. 58,) enlarging the lien on steamboats to six months, instead of thirty days as provided by section 2706 of the Code, does not apply to causes of action on which the lien had been lost at the time of its passage.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS was a proceeding in admiralty, instituted by Wm. H. Lewis & Co., against the steamboat *J. R. Thompson*, to enforce a claim for materials and repairs amounting to $188 62. An account, showing the different items of which the debt was composed, extending from the 21st December, 1855, to the 19th March, 1856, was annexed to the libel. The libel was filed on the 26th March, 1856; and alleged, that the debt accrued within six months last past, and that the sum of $188 62 was still due and unpaid, "besides interest from the dates thereof." William McGill intervened as stipulator, and filed an answer, alleging that the libellants' claim, if any was due, "accrued more than thirty days before the filing of said libel, to-wit, on the 29th December, 1855, or, at furthest, on the 4th January, 1856." The bill of exceptions states, "that the cause was submitted to the court on the effect of the law of the session of the legislature of 1855-56, changing the lien on steamboats, for repairs, &c., to six months; it being agreed by counsel, that the services rendered and work done, at the instance of the agent or master of the boat, were done and rendered at the times mentioned in the account, and for the price therein charged. The court thereupon rendered judgment for the libellants, for the

full amount of their account; to which the defendant excepted," and which he now assigns as error.

CHAMBERLAIN & ROBINSON, and O. S. JEWETT, for the appellant.

E. S. DARGAN, *contra.*

STONE, J.—The recital of the facts in this case, as found in the bill of exceptions, is not as full as could be desired. The copy of the account exhibited with the libel and complaint shows the dates when the several articles were furnished to the boat, but it is nowhere shown when the account was due. In the absence of an agreement or custom to the contrary, a debt for goods purchased is generally due and payable presently.—See Waring v. Henry & Mott, 30 Ala. 721; Shields v. Henry & Mott, at June term, 1857; Darby v. Steamboat Inda, 9 Mo. 645. Possibly the rule as applicable to this account is different, as it is made up of a succession of items between the same parties.

The bill of exceptions, however, in this case, relieves us from the consideration of this question; for it recites, that "the cause was submitted to the court upon the effect of the law of the session of the legislature of 1855–56, changing the lien upon steamboats, for repairs, &c., to six months." The act of the legislature here referred to, is the act "to change and modify section 2706 of the Code, in relation to the lien on steamboats," approved February 15, 1856.—Pamphlet Acts of 1855–56, pp. 58–59. It is contended for appellees, that the statute above referred to affects only the remedy; and that hence it operates on debts existing at the time of its enactment, as well as those afterwards contracted.

We do not think this argument a sound one. This is a proceeding under chapter 8, title 2, part 3 of the Code, page 491, §§ 2692, *et seq.* This chapter relates to proceedings in admiralty, and the remedy therein prescribed is *in rem*—against the boat itself. Previous to the act of 15th February, 1856, the lien provided by section 2692 of the Code, "for work done or materials supplied," contin-

ued only thirty days "after the maturity of the claim or debt."—§ 2706. After that time, such creditors had no remedy whatever against the boat. There may have remained a right of action against the persons who contracted to have the work done or materials supplied; but this was only a personal liability, not in any manner affecting the boat itself. To hold that, after the creditor had lost his lien on the boat by waiver or abandonment, the legislature could revive and re-establish the lien, would be to allow them to act directly on existing *rights of property*. This is a very different question from that which concedes to the legislature the right to alter or modify existing remedies.

In vindication of the correctness of this construction, let us suppose that, between the time when this lien was lost under section 2706 of the Code, and the enactment of the statute of 1856, this boat had passed into the hands of other owners. Would it not be a most shocking construction which would then revive a liability upon the boat, from which it was exempt when the contract of sale was perfected?

In the case of the Coosa River Steamboat Company v. Barclay & Henderson, 30 Ala., we laid down the following propositions, which are well fortified by authorities therein cited: 1. "It is not within the power of the legislature to take away vested rights.       *       *       *       *       *       *       *       *       3. It is not within the power of legislation to create a cause of action out of an existing transaction, for which there was at the time of its occurrence no remedy."

We think it clear that, if the lien on the boat was lost before the enactment of the statute of February 15th, 1856, that statute could not have the effect of reviving it.

Section 2480 of the Code relates only to the actions therein provided for, and has no influence upon this.

Judgment of the city court reversed, and cause remanded.