## McLENDON & ROBINSON vs. HAMBLIN.

[ACTION ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Onus of proof as to payment.*—In appeal cases from a justice's court, where the sum in controversy exceeds $20, if the defendant testifies to the fact of payment in support of his plea, and his testimony is contradicted by the plaintiff, (Code, § 2779,) the *onus* is on the defendant to prove the payment.: the rule established by the case of *Jordan v. Owen*, 27 Ala. 152, as applicable to cases in which the plaintiff seeks to establish the correctness of his demand by his own oath, (Code, § 2313,) does not apply to such appeal cases.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. ROBT. DOUGHERTY.

THE bill of exceptions in this case is in the following words:

"This was an appeal from a justice's court, and was tried *de novo* in the circuit court, on the pleas of *non assumpsit* and payment. The plaintiffs were introduced as witnesses, under section 2779 of the Code, and swore to the sale and delivery of the goods, as charged in the complaint and shown by their books, and that their said account was just and correct, and unpaid. The defendant was then sworn as a witness, under the same statute, and admitted the purchase and delivery of the goods, as charged and stated by plaintiffs; but he swore that he had paid them $50, with which they had not credited him, and that the same was therefore paid by said $50. The plaintiffs were then put upon the stand, and both contradicted the said payment, and swore that they had credited the defendant with all that he had ever paid them, and that said account had never been paid. This being all the proof in the cause, the court charged the jury, 'that whenever the defendant contradicted the plaintiffs' oath, it neutralized their oath; and that if the defendant admitted the sale and delivery of the goods by the plaintiffs, but swore that he had paid for them, then the plaintiffs' oath was contradicted, and it devolved on

McLendon & Robinson v. Hamblin.

them to prove by other testimony that the goods had not been paid for, and the burden of proving that the goods had not been paid for was on them.' To this charge the plaintiffs excepted," and they now assign it as error.

BROCK & BARNES, for the appellant.

C. D. HUDSON, *contra*.

A. J. WALKER, C. J.—As a general rule, the *onus* of proof of a payment is upon the defendant who pleads payment, and consequently it does not usually devolve upon the plaintiff to negative the alleged payment by the defendant. Section 2313 of the Code, under the decision in Jordan v. Owen, 27 Ala. 152, establishes an exception to the general rule, so far as to make the negation of payment an element in the establishment by the plaintiff of "the correctness" of his demand by his own oath. The decision of Jordan v. Owen rests upon the peculiar language of the statute, and the unreasonableness and injustice of permitting the plaintiff to establish his demand by his own oath without denying the payment, while the defendant is only permitted to controvert by his oath what the plaintiff has asserted.

The second clause of section 2779 of the Code directs that either party may be a witness on his own behalf, unless the adverse party swears that the testimony proposed to be given is untrue. This clause of the section we understand as embracing cases within a justice's jurisdiction, "when the matter in controversy, or damages claimed, exceed twenty dollars." This case falls within that class. The reasoning upon which Jordan v. Owen, *supra*, is based, has no application here. The language of the statute is different; and both parties have a common right to testify, "unless the party against whom the testimony is offered, swears that the testimony proposed to be given is untrue." The exclusion by the plaintiff from his testimony of the subject of payment would not preclude the defendant from testifying to a payment. The statute is essentially different from that construed in Jordan v. Owen, and that decision can have no influence in

its construction. In cases falling within the second clause of section 2779, the *onus* of proving payment is upon the defendant; and if his testimony in support of the payment is contradicted by the oath of the plaintiff, asserting that such testimony is untrue, the plea of payment is unsustained, unless other evidence be adduced.

The judgment of the court below is reversed, and the cause remanded.