ENGLISH *vs.* WILSON.

[ACTION ON OPEN ACCOUNT FOR WORK AND LABOR DONE.]

| 34 | 201 |
| 95 | 359 |
| 34 | 201 |
| 111 | 202 |

| 34 | 201 |
| e137 | 518 |

1. *Examination of parties as witnessses.*—The plaintiff having been examined as a witness in his own behalf, (Code, § 2313,) the defendant cannot complain on error that the court rejected a portion of his testimony in reply, unless the record affirmatively shows that the portion rejected by the court was a denial of some fact sworn to by the plaintiff.

2. *When workman may recover on quantum meruit.*—If work is done under a special contract, but not in a workmanlike manner, and is nevertheless accepted and used by the employer, and is of any value to him, the workman is entitled to recover its reasonable value, not exceeding the price stipulated in the special contract.

3. *Recoupment of damages by employer.*—In an action to recover the value of work and labor done, the defendant is entitled, under the general issue, (Session Acts 1853-4 p. 60,) to recoup the damages caused by the workman's breach of contract in the performance of the work.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by Joseph A. Wilson, against Mrs. Mary English, to recover the sum of $170, alleged to be due from the defendant, for work and labor done by the plaintiff in adding two rooms to the defendant's dwelling-house. " On the trial," as the bill of exceptions states, " the plaintiff offered evidence tending to show, that he built two rooms as an addition to the defendant's house, and at her request; also, the value of said work, and that said rooms were accepted and used by defendant before the commencement of this suit. The evidence tended to show, also, that the gutter, built by plaintiff between the new rooms and the old part of the house, was badly constructed, and leaked very much; that the plastering and papering in the house below, by reason of the defect in said gutter, was greatly injured ; that defendant, after plaintiff had quit said work, repeatedly complained of it, and sent for defendant to put it in order; and that he never did it. On cross examination of one of plaintiff's witnesses, defendant asked for plaintiff's declar-

14

English v. Wilson.

ations; and the witness stated, in reply, that plaintiff told him, before commencing work on defendant's house, that defendant offered him $110 to build said two rooms, and that he intended to accept the offer. The plaintiff, having given previous notice, appeared himself as a witness, and was cross-examined without objection. He testified, that he had peformed work for the defendant, at her request, on other parts of the house, in no wise connected with said additional rooms; and proved the value of said work on other parts of the house. The foregoing evidence being before the jury, the defendant offered to recoup or set off the damages sustained by her from the leaking aforesaid, under the plea of *non-assumpsit*; but the court refused to allow the evidence, and the defendant excepted.

"Instead of putting the defendant on the stand, to controvert what the plaintiff had sworn, the parties agreed, that her answers to a garnishment, at the suit of one A. J. Warford, against plaintiff, should be used for that purpose, so far as it was legal and admissible. Said answer was in the words and figures following, to-wit: 'Garnishee answers, that she is advised and believes that she is not indebted to said Joseph Wilson, in any amount whatever; but, if she does owe him anything, it is under the following contract: About the 1st of March, 1856, said Wilson contracted and agreed to do the following work, in three months, for the sum of $110—that is to say : to tear down an old room and stair-steps, to build a new room, to put up a double pantry with a complete set of shelves, to cut a passage, and to put up a pair of stair-steps with banisters ; and garnishee [was] to furnish the necessary lumber. Garnishee further says that she furnished the lumber, and complied in every respect with her part of said contract; that said Wilson only put up the little room, and did it in such a manner that garnishee was at considerable expense in repairing it; that he put up the steps without banisters, failed to ceil the passage, did not put up half of the shelves in the pantry, and joined the room to the main building in such a manner that it leaked very badly —indeed, so badly that other rooms in the house were

English v. Wilson.

considerably damaged. . Garnishee further answers, that he was working at her house some five or six months, and never did finish the work, although repeatedly requested to do so; that the work done by him was not done in a workmanlike manner; and that she does not know any one who has any goods, chattels or things in action belonging to said Wilson, or who is indebted to him.' On plaintiff's objection, the court refused to allow any portion of said answer, except such part as related to the subjects about which plaintiff had testified, to go to the jury, and especially that part of the answer which showed a special contract between the parties for the building of said two rooms, and a breach of the same; to which ruling of the court the defendant excepted.

"The defendant asked the court to charge the jury, that if the evidence showed a special contract, by which the plaintiff was to build said two rooms for $110, the law implied that it was to be done in a workmanlike manner; and that, unless it was so done, the plaintiff committed a breach of his contract, and could not recover without showing that the breach was not his fault. This charge the court gave, but with this qualification: 'that if the evidence showed that, before suit, the defendant accepted said work of plaintiff, and used it, and it was of value, then plaintiff could recover what said work was reasonably worth, not to exceed $110.' To the refusal of the charge as asked, and to the qualification given, the defendant excepted, and then requested the court to instruct the jury as follows: 'That if the work done by plaintiff was so connected with defendant's residence and dwelling, that she could not abandon it without abandoning her house and dwelling, then, though she accepted and used said rooms, she could set up said special contract and its breach, to bar a recovery in this case;' which charge the court refused to give, and the defendant excepted."

The several rulings of the court to which exceptions were reserved, as above stated, are now assigned as error.

GEO. W. GAYLE, for appellant.

THOS. H. LEWIS, *contra*.

STONE, J.—There is not enough in this record to enable us to affirm that the circuit court erred, in rejecting as evidence the specified portions of Mrs. English's answer as garnishee. She had only the right to deny, "upon oath, the truth of the facts proposed to be sworn to by the plaintiff;" and as we are not informed that the portions of the answer rejected, were a denial of any fact *proposed to be sworn to by the plaintiff*, we must intend that the circuit court did not err in this particular.—See Jordan v. Owen, 27 Ala. 152.

[2.] Neither did the court err in the qualification which it gave to the charge, as given at the instance of defendant.—Hawkins v. Gilbert, 19 Ala. 54.

[3.] The trial was had on the plea of non-assumpsit. The court erred in rejecting evidence offered by defendant, as a basis of recoupment. The general issue permitted such defense.—Pamphlet Acts of 1853–4, p. 60 ; Hatchett v. Gibson, 13 Ala. 587 ; and other authorities on the brief of counsel; Robertson v. Davenport & Patterson, 27 Ala. 514.

Judgment of the circuit court reversed, and cause remanded.