## HAMBLIN vs. McLENDON & ROBINSON.

[APPEAL CASE FROM JUSTICE'S COURT—ACTION ON OPEN ACCOUNT.]

1. *Examination of parties as witnesses.*—In an appeal case from a justice's court, if the sum in controversy is between $20 and $50, the examination of the parties as witnesses is governed by section 2779 of the Code; but, if the sum in controversy, with the interest thereon accruing pending an appeal to the supreme court, exceeds $50, the examination of the parties on the second trial must be governed by section 2313 of the Code.

APPEAL from the Circuit Court of Chambers. Tried before the Hon. ROBERT DOUGHERTY.

THIS action was commenced in a justice's court, on the 26th February, 1855, and was removed by the defendant into the circuit court, where, at the fall term, 1857, the plaintiffs filed a complaint, claiming the following sums,

alleged to be due by open account for goods sold and de-
livered, to-wit: $13 05, due on the 25th December, 1851 ;
$18 62, due on the 25th December, 1852 ; and $13 38,
due on the 25th December, 1853 ; together with interest
on these several sums from the time when they respectively
fell due. A trial was had in the circuit court, at the March
term, 1858, which resulted in a verdict and judgment for
the defendant ; but the judgment was reversed by this
court, at its January term, 1859, and the cause remanded.
See the report of the case in 34 Ala. 86. On a second trial
in the circuit court, at its March term, 1860, as the bill of
exceptions in the present record shows, the following pro-
ceedings were had :

"The plaintiffs offered to prove, by their own oaths, the
sale and delivery of the goods mentioned and set forth in
the accounts attached, to the defendant ; that the same, as
made out and stated, as to amounts and dates, are correct;
and that the goods were sold by them to the defendant, for
the amounts and prices respectively set forth, at the times
mentioned in said accounts ; which statement had been
committed to writing, and sworn to by one of the plaintiffs
in open court. The defendant declined to swear that this
statement was untrue ; whereupon, the plaintiff McLendon
offered himself as a witness, and the court permitted him
to testify, against the defendant's objection ; and the de-
fendant excepted. Said plaintiff then testified to the facts
proposed, and, in addition thereto, that the account was
due and unpaid, and that the credits thereon are right as to
amounts and dates ; said credits being $39 65, dated March
10th, 1855. The defendant objected to the plaintiff's tes-
tifying to each and every fact out of what he proposed in
writing to prove, but did not propose to swear that any of
said facts was untrue in any respect ; and excepted to the
overruling of his several objections.

"The plaintiffs having here closed, the defendant then
proposed in writing to prove, by his own oath, the follow-
ing facts, to-wit: the payment of the entire accounts ; that
he sent $50 to plaintiffs, by one Emory, to pay said

accounts, and that it is not credited on said accounts. Thereupon, the plaintiffs swore in writing, in open court, that the evidence proposed to be given by the defendant was untrue; that said defendant never did make payment of the entire account sued on; that the plaintiff McLendon did receive $50 from the defendant, by said Emory, and gave him credit therefor on his mercantile account with said McLendon individually; and they most positively denied that any such payment was made on their accounts here sued on, and denied the truth of the testimony so proposed to be given by the defendant. The court thereupon refused to allow the defendant to testify to the facts above proposed to be proved by him, and the defendant excepted. The defendant then introduced one Deloach as a witness, who testified, that he was present at an interview, in 1855, between the defendant and the plaintiff Robinson, when they were settling; that the defendant then paid said Robinson $40, and remarked that there was some small amount (ten or fifteen cents) coming to him in change, and that said Robinson did not deny this. The defendant introduced a note signed by himself, and payable to plaintiffs, of later date than the maturity of the accounts sued on. The accounts proved were, $42 50, due on the 25th December, 1851, credited March, 1855, with $39 65; $18 62, due on the 25th December, 1852, and $13 30, due on the 25th December, 1853. The plaintiff McLendon then testified on oath, against the defendant's objection, that the note above mentioned was given for the transfer of a land-warrant, and on no other consideration. The defendant objected to the plaintiff's being allowed to testify to the facts above stated, but did not offer to swear that said facts were untrue; and his objections being overruled, he excepted."

The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

C. D. HUDSON, for appellant.

BROCK & BARNES, *contra.*

STONE, J.—When this case was before us at a former term, (34 Ala. 86,) it appeared from the bill of exceptions, that the competency of the parties as witnesses was determinable by section 2779 of the Code. We then laid down a rule to be observed in appeal cases, when the amount in controversy is over twenty, and not exceeding fifty dollars. The circuit court followed that rule on the second trial; and from its various rulings this appeal is prosecuted. The amount sued for did not originally exceed fifty dollars; but when the last trial took place, March term, 1860, interest had swelled the amount to about sixty dollars. Under these circumstances, this case was taken out of the operation of the rule laid down in 34 Ala. Rep. 86, and it is now controlled by the principles declared in *Jordan v. Owen*, 27 Ala. 153. This being the case, it is manifest that the circuit court erred in two particulars; first, in allowing the plaintiffs to testify to facts other than those specified in the written offer; and, second, in allowing them to prove facts that did not pertain to the establishment of the plaintiffs' demand.—*West v. Brunn*, 35 Ala. 265; *English v. Wilson*, 34 Ala. 201; *Flash v. Ferri*, 34 Ala. 186; *Waring v. Henry*, 30 Ala. 721; *Pryor v. Harris*, 30 Ala. 118.

The other points we need not now consider, as they will not probably arise again in the form they now assume.

Reversed and remanded.