(77 South. 428)

HUDSON & THOMPSON v. BARRETT.
(3 Div. 268.)

(Court of Appeals of Alabama. Nov. 27, 1917.)

1. SALES ⬤═82(2)—PAYMENT—TIME.
　　Where a sales contract is silent upon the subject, payment must be made upon delivery.

2. SALES ⬤═202(1)—TITLE—TIME OF PASSING.
　　Where a sales contract is silent upon the subject, title does not pass until payment is made.

3. SALES ⬤═22(2)—WHAT CONSTITUTES.
　　Where one authorized to sell plaintiff's personalty negotiated a sale and delivered the property, but repudiated the transaction upon learning that prospective purchasers were acting for undisclosed principals who desired to make payment by offsetting a debt due them from plaintiff's agent, there was no completed sale preventing plaintiff from suing for conversion of the personalty.

4. ACTION ⬤═28—WAIVING TORT.
　　A plaintiff may waive conversion and sue for money had and received.

5. PRINCIPAL AND AGENT ⬤═145(1)—PRINCIPAL'S RIGHTS AND LIABILITIES.
　　Ordinarily, an undisclosed principal is subject to all rights and liabilities arising from his agent's acts, and the agent's debt may be set off against the undisclosed principal.

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Action by J. O. Barrett against Hudson & Thompson. Judgment for plaintiff, and defendant appeals. Affirmed.

The plaintiff sued on the common counts for account, account stated, and money had and received. The defendant pleaded in short by consent the general issue, with leave to give in evidence any matter as if the same had been specially pleaded.

Hill, Hill, Whiting & Stern, of Montgomery, for appellant. R. Alston Jones, of Montgomery, for appellee.

SAMFORD, J. The agreed statement of facts in this case is as follows:

"D. M. Turner owed Hudson & Thompson one hundred fifty ($150.00) dollars. Turner had in his possession a cow and calf owned by the plaintiff, and delivered to Turner to be sold. George Thompson and Stough asked to buy the cows from Turner. Turner agrees to sell the cows and does sell them to George Thompson and Stough, who tell Turner they are selling milk to the Busy Bee Café, and need more milk, but did not tell him what they were buying them for. They agree on the price of fifty ($50.00) dollars, and the cow and calf are delivered. All this time George Thompson and Stough are trading with Turner as being the owner, and are not informed of the fact that plaintiff had any claim to the property. George Thompson and Stough tell Turner to come to the B. & B. Café and get the money. They meet there and George Thompson tells Turner to come on down the street and he will settle. They go to Hudson & Thompson's store. There Hudson tells Turner, 'We have credited your account with the fifty dollars.' Whereupon Turner said he could not accept this arrangement because the property belonged to plaintiff, and he was merely acting as his agent in selling same, and that he sold the cows to Thompson and Stough and not to Hudson or Hudson and Thompson. It is further agreed that throughout this transaction George Thompson and Stough were acting as the real but undisclosed agents of the defendants Hudson and Thompson."

"It is an elementary principle of law essential to a contract for the sale of chattels, like every other contract, that there must be a meeting of the minds and an agreement by both parties to the sale and purchase." 35 Cyc. p. 50.

"Following this principle, it follows that where, through some mistake of fact, each is assenting to a different contract, there is no agreement, notwithstanding the apparent mutual assent." 35 Cyc. 60; Benjamin on Sales, paragraph 50.

"And where a person contracts with another believing him to be the person with whom he intended to contract, while, as a matter of fact, it is another, and different person, there is no agreement." 35 Cyc. 60, subhead B II, and authorities there cited.

[1-4] Again, it is the law that where the contract of sale is silent as to the time of payment, the law implies that payment shall be made on delivery. Robbins v. Harrison, 31 Ala. 160; Thompson v. Lewis, 31 Ala. 497. Without the payment of the cash, the title to the property will not pass. It is agreed between the parties in this case that Turner, who had in his possession the cow and calf of plaintiff, thought he was trading with George Thompson and Stough, and when it was made known to him that Thompson and

Stough were representing Hudson & Thompson (with which firm George Thompson was not connected except for this particular transaction), Turner immediately repudiated the sale. It also appears that the sale of the cow and calf was to be for cash, which was never paid, but payment was sought to be made by applying the amount agreed upon as a credit to the account of Turner with the firm of Hudson & Thompson. Under these facts, there was never a completed sale, and the taking of the cow of the plaintiff in the way it is shown to have been done by the defendants was a conversion. The plaintiff had a right to waive the tort and sue for money had and received, as was done in this case.

[5] Appellant's counsel insists that the debt of the agent to the person with whom he contracts may be set off against the undisclosed principal, and that is the general rule; that the principal, though undisclosed, is invested by the authorized act of the agent for the benefit and advantage of the principal, with every right and burden and with every liability arising out of or pertaining to the contract, as perfectly as if the principal had in his own name and person made the contract, and such is the law; and he further claims that following the rule of reason, these principles would warrant a judgment for the defendants, but such is not the case. The rule of reason, when properly applied, always coincides with the rule of justice, which will not permit A. to take the property of B. and apply it on a debt owing by C. to A., without the knowledge and consent of B. The cow and calf were in the possession of Turner, but Turner had no interest in them whatever. It is not even shown that he was entitled to a commission for selling them, and therefore he was not in any sense a commission merchant. Hudson & Thompson parted with nothing in exchange for the cow and calf, and therefore they could not be said to be innocent purchasers for value. The rules insisted upon by appellant's counsel with reference to principal and agent, while the law, are not applicable to this case.

We find no error in the record, and the judgment is affirmed.

Affirmed.

BROWN, P. J., concurs in the conclusions.